CHARLES LAUB, APPELLEE, v. FURNAS COUNTY ET AL., APPELLANTS.

FILED APRIL 17, 1920.  No. 20972.

1. Constitutional Law: TAXATION: LEVY BY VALUATION. Section 1, art. IX of the Constitution, which reads as follows: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct," etc.—is not self-executing, but requires appropriate legislation to carry it into effect.

2. Taxation: VALUATION OF LIFE INSURANCE POLICIES. The failure of the legislature to provide any method for ascertaining the value of life insurance policies prevents their taxation, although it does provide a method for ascertaining the value of ordinary or tangible property, and also provides special regulations for ascertaining the value of other classes of property which are difficult to value.

3. Statutes: CONSTRUCTION. "Long-continued practical construction of a statute by the officers charged by law with its enforcement is entitled to considerable weight in interpreting that law." *Rohrer v. Hastings Brewing Co.*, 83 Neb. 111.

APPEAL from the district court for Furnas county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*John Stevens,* for appellants.

*Lambe & Butler, contra.*

CORNISH, J.

The inquiry is whether or not the right of plaintiff (appellee), never exercised, to demand of the State Life Insurance Company the sum of $6,895, in full settlement of the policy on his life, is "property" or "credit" and, as such, taxable under the laws of the state.

Sections 6335-6337, Rev. St. 1913, provide that the state board of equalization and assessment shall annually prepare a schedule, which should contain a full list of the various forms of personal property liable to assessment. The schedule prepared makes no mention of insurance policies as an item for assessment. It has never been the practice in this state, or elsewhere, so far as we know, for assessing officers to assess insurance policies.

Section 1, art. IX of the Constitution, reads as follows: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct," etc. This provision of the Constitution is not self-executing, but requires appropriate legislation to carry it into effect. The taxing power is legislative, subject only to limitations imposed by the Constitution. Plaintiff's contention is that until he abandons his right to have the amount of his policy paid to his executor, and agrees to accept the sum of $6,895, his policy is of no taxable value.

The legislature has heretofore provided methods for ascertaining the value of various forms of property, but none as to this. Yet, if it was the intention to include insurance policies, the need of such legislation is apparent. Payments made for fraternal or mutual insurance may give to the contract, by reason of increased risk or

lapse of time, a value which it did not possess. A contract of insurance, which provides no means for cash surrender of the policy by the insured, also might be said to have value. A policy which makes amounts payable to one's dependents upon his death creates a vested interest in the person named. How should the value of these various forms of contract be estimated? Insurance companies are not permitted to deduct these liabilities as demands from the total amount of their assessed assets, and, ordinarily, the courts have not permitted his creditors to force upon the insured the exercise of this option for the collection of indebtedness.

We are of opinion that, until the legislature has provided the means for ascertaining the value of such a contract, it is not taxable, if at all. We are also of opinion that the contemporaneous construction of the statute by the officers, who have been called upon to carry it into effect, which has obtained and has never been questioned, is entitled to great respect, and we are led to the conclusion that the legislature never intended to enact a law providing for the taxation of insurance policies. It would appear to have been the policy of the state to encourage insurance, so that, upon one's death, those dependent upon him may be provided for. It is argued with much force that the beneficial interest is theirs, not his, until he shall conclude to exercise his option.

*State Board of Tax Commissioners v. Holliday*, 150 Ind. 216, 42 L. R. A. 826; *Tally v. Brown*, 146 Ia. 360; *Insurance Co. v. Cappellar*, 38 Ohio St. 560; *Commonwealth v. Wetherbee*, 105 Mass. 149, 160; *Rensenhouse v. Seeley*, 72 Mich. 603, 617.

The judgment of the trial court is

AFFIRMED.