DREW, Justice.
This appeal is from the following judgment of the Circuit Court of Leon County:
“This cause came on this day to be heard and was argued by counsel.
“The plaintiff filed a bill of complaint on March 5, 1951, seeking from this court a declaratory judgment to determine his rights under Section 319.27, Florida Statutes [F.S.A.].
“The plaintiff alleged in said bill that he, doing business as Johnson Employment Service, Miami,. Florida, secured a judgment in the Justice of the Peace Court of the Second District, Dade County, Florida, against one James C. Shahan. A writ of execution was returned unsatisfied by the sheriff of Dade County against the. judgment debtor. Subsequent to the non est return, the plaintiff sent a notice of lien to the defendant to be filed against a certain motor vehicle alleged to belong to the judgment debtor, James C. Shahan. Said purported notice of lien was requested to be filed with and recognized by Defendant Motor Vehicle Commissioner as the direct type of lien , or encumbrance falling within the provision of section 319.27 of the Florida Statutes, [F.S.A.,] authorizing the recording of certain liens or encum--brances on the certificate of title of a motor vehicle,.
“The defendant refused to file Of recognize said notice of lien on the grounds that Section 319.27, Florida Statutes, [F.S.A.,] did not permit or’ require a filing of a lien arising from a judgment execution placed in the hands of a sheriff for levy. ■ The defendant contended that the sole purpose of said statute was to file and record specific liens impressed upon motor vehicles by virtue of written instruments arising out of the sale and purchase of motor vehicles, as specifically set out in the Statute.
“The plaintiff further seeks a determination by this court that if the defendant motor vehicle commissioner refuses to record a judgment lien and1 note the same upon the face of a title certificate of the motor vehicle in question that this court declare Section 319.27 unconstitutional because it deprives the plaintiff of due process of law and equal protection of the law as guaranteed by the Florida and Federal Constitutions.
“The defendant filed a motion to dismiss and an answer denying the plaintiff had the right to file a judgment lien upon the title certificate of a motor vehicle under the provisions of Section 319.27.
“The applicable provision of Section 319.27, Florida'Statutes, [F.S.A.,] provides as follows: '
“ ‘319.27 Application of existing laws; rights of mortgagees, lien holders, etc.; notation on certificate.
“‘(1) The provisions of §§ 28.22 and 319.15 of the Florida Statutes, shall never be construed to apply to or to permit * * * the*notice of lien, deposit, filing or other . record whatsoever of a chattel mortgage, conveyance intended to operate as a mortgage, : trust receipt, conditional sales contract, or similar instrument, or any *746 copy of the same, made hereafter and covering a motor vehicle.
“ (2) Any mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument made after August 1, 1949, and covering a motor vehicle required to he registered, if a notation of the lien or encumbrance has been made by the commissioner on the face of the certificate of title for such vehicle, shall be valid as against the creditors of the mortgagor whether armed with process or not and subsequent purchasers, mortgagees and other lien holders or claimants, but otherwise shall not be valid against them. All liens, mortgages and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the commissioner. ■Provided, however, that the lien shown on the application for original certificate of title shall take priority, pver all liens or encumbrances filed subsequent to the date shown on such application. Exposure for sale of any motor vehicle by the owner thereof, with the knowledge * . * * of any duly noted lien, mortgage or encumbrance thereon, shall not render the same void or ineffective as against the creditors of such owner, or holder of subsequent liens, mortgages or encumbrances upon such motor vehicle.’
“ It is the obvious intent of the Legislature in the enactment of the above quoted statute, expressed by the language contained therein to authorize the Motor Vehicle Commissioner to record only those liens and encumbrances intended to operate as a mortgage, a conveyance intended to operate as a mortgage, a trust receipt, conditional sales contract, or' a similar instrument, upon a motor vehicle required to be registered under the provisions of Chapter 320 of the Florida Statutes [F.S.A.]. Tire Legislature evinces no intent from the language used in Section 319.27 to require the Motor Vehicle Commissioner to record as liens on the title certificate of the motor vehicles, judgment obtained against the owner of the automobile or the lien of a writ of execution in the hands of the sheriff.
“ Section 319.27 does not deprive plaintiff of equal protection of the law and due process of law as guaranteed by the Florida and Federal Constitutions because said statute does not provide for the recording of judgment liens on the face of the title certificate of a motor vehicle He may levy the writ on the automobile.
“It is, therefore, Considered, Ordered and Adjudged:
“1. Plaintiff has the right to declaratory decree determining his rights under Section 319.27, Florida Statutes [F.S.A.] ' '
“2. Section 319.27, Florida Statutes, [F.S.A.] does not require the defendant to file or record notice of plaintiff’s’judgment or writ of execution.
“3. ■ Section 319.27, Florida Statutes, [F.S.A.] does not deprive plaintiff of due process or' equal protection of the laws as guaranteed by the Constitution.
“4. That the -costs of this proceeding be taxed' against the plaintiff.
“Ordered, Adjudged and Decreed at Tallahassee, Florida, this 3rd day of October, A. D. .1952.” •
We wish to point out that this appeal does not present the question, nor do we decide, whether a lien of the kind described in section 319.27, supra,' noted on the certificate of title subsequent to the date an execution on a judgment against the owner is placed in the hands of the sheriff, is superior to the lien of such judgment. ’The sole questions raised here are the same as those which were 'raised in the lower court and correctly decided by it.
Affirmed.
TERRELL, Acting C. J.’, HOBSON, J., and JONES, Associate Justice, concur.