REQUESTED BY: Pat Kelly Sarpy County Attorney
Is it proper for purchasers of motor vehicles to transfer old motor vehicle license plates to newly purchased motor vehicles without first making application to the Motor Vehicle Licensing Department to register the newly purchased vehicle?
Yes.
Neb.Rev.Stat. § 60-320(3)(b) (Reissue 1984) provides: Where any person, firm, or corporation has had a motor vehicle or trailer previously registered and license plates assigned to such person, firm, or corporation such owner may operate the motor vehicle or pull such trailer for a period of fifteen days in order to effect transfer of plates to the new or used motor vehicle or trailer. A purchaser of a motor vehicle has fifteen days in which to effectuate a reassignment of license plates to the newly purchased vehicle. During that fifteen day period, the owner has the option of deciding which vehicle will display the license plates. This provision mirrors the provision allowing for in transit stickers to be used for fifteen days while a purchaser effectuates a proper registration of the newly acquired vehicle. These provisions recognize that it is impossible for the purchaser to register a vehicle immediately upon acquisition and therefore allows a fifteen day grace period. The statute provides two forms of invoking the grace period, either through use of in transit decals or through a transfer of license plates.
Several other provisions in the motor vehicle registration section must also be examined. Neb.Rev.Stat. §60-315 (Reissue 1984), provides that the old registration expires upon transfer of ownership of any motor vehicle. Neb.Rev.Stat. § 60-323 (Reissue 1984), provides that no person shall attach to a motor vehicle any number plate other than the one assigned to it. These two provisions may seem to indicate that since the registration expires immediately upon transfer, it is unlawful for a person to transfer the license to another vehicle. However, the statutes should not be interpreted in that manner. Legislative intent is to be determined from the general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found. The intent deduced from the whole will prevail over that of a particular part considered separately. Grosvenor v. Grosvenor, 206 Neb. 395, 293 N.W.2d 96
(1980). In construing a statute all parts of an act relating to the same subject shall be considered together, and not each by itself. State v. Jennings, 195 Neb. 434,238 N.W.2d 477, (1976).
In considering the intent of the motor vehicle registration section, it becomes clear that the legislature intended motorists to register all vehicles and also intended that number plates may be reassigned to newly acquired vehicles. To facilitate this process, a fifteen day grace period was established. Allowing persons to change license plates prior to reassignment of plates does not violate the intention of the statute.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General