REQUESTED BY: Dannie Trautwein, Executive Director, Nebraska Accountability and Disclosure Commission
As Executive Director of the Nebraska Accountability and Disclosure Commission you have requested our opinion regarding the Commission's duties in handling sworn complaints of alleged violations of the Nebraska Political Accountability and Disclosure Act (Act). Neb. Rev. Stat. §§ 49-1401 to 49-14,140 (1993, Cum. Supp. 1994 and Supp. 1995). Your questions primarily concern the statutory duty to investigate complaints and the interpretation of the terms "probable cause" and "appropriate proceeding" as used in the Act.
I. Duty to Investigate
Neb. Rev. Stat. § 49-14,124 (1993) provides that, upon receipt of a sworn complaint, "the Commission shall, by way of preliminary investigation, investigate any alleged violation of §§ 49-1401 to49-14,138 or any rule or regulation adopted and promulgated thereunder." That statute further provides for notification of the person under investigation and for periodic status reports to both the complainant and alleged violator. You ask whether the statutory language creates a mandatory duty to investigate each complaint received or whether it is meant merely to establish the manner or method by which investigations are commenced. You also ask whether the Commission has some discretion as to whether an investigation will be commenced. You refer to the increasing number of complaints received by the Commission and the difficulty in investigating each complaint on a timely basis.
As a general rule, an administrative body has considerable discretion in determining whether or not to conduct an investigation. "The decision of an administrative body whether or not to conduct an investigation is committed to its discretion. The duty to investigate involves the making of such an investigation as the nature of the case requires, and it is not required to take any particular form." 73 C.J.S. PublicAdministrative Law and Procedure, § 78 (1983). Those engaged in prosecutorial or enforcement activities generally possess some latitude as to the scope of an investigation and when to file charges. The use of prosecutorial discretion in law enforcement, unless motivated by an unjustifiable standard, does not violate constitutional protections. State v. Sprague, 213 Neb. 581,330 N.W.2d 739 (1983).
We note, however, that § 49-14,124 provides that the Commission shall investigate any alleged violation of the Act or regulations promulgated thereunder. "As a general rule, in the construction of statutes, the word `shall' is considered mandatory, and inconsistent with the idea of discretion." State v. Stratton,220 Neb. 854, 857, 374 N.W.2d 31, 34 (1985). See Moyer v. Douglas Lomason, 212 Neb. 680, 325 N.W.2d 648 (1982); NC+ Hybrids v.Growers Seed Association, 219 Neb. 296, 363 N.W.2d 362 (1985).
Another rule of statutory construction is that statutes pertaining to the same subject should be construed together as if they were one law and effect should be given to every provision.Indian Hills Community Church v. County Board of Equalization,226 Neb. 510, 412 N.W.2d 459 (1987). In other words, the intent deduced from the whole prevails over that of a particular part considered separately. Grosvenor v. Grosvenor, 206 Neb. 395,293 N.W.2d 96 (1980). With that rule of statutory construction in mind, we note that Neb. Rev. Stat. § 49-14,127 states that any individual who believes that a violation has occurred may, after exhausting administrative remedies, bring a civil action to compel the Commission to act. This lends support to the idea that the Commission has a mandatory duty to investigate each sworn complaint.
The Eighth Circuit Court of Appeals has discussed the discretion allowed those engaged in prosecutorial or enforcement activities inTerminal Freight Handling Co. v. Solien, 444 F.2d 699
(8th Cir. 1971), cert denied 405 U.S. 996 (1972). The central issue of this case was whether the Regional Director of the National Labor Relations Board, after making a finding as to reasonable cause, had the discretion to refuse to file a petition for injunctive relief. Although the controversy concerned the duty to prosecute rather than the duty to investigate, the Court's discussion is helpful. The Court of Appeals concluded that the Regional Director must take immediate steps to investigate charges and, upon making a reasonable cause determination, must proceed to resolve the dispute. The Court noted that there were many reasons for allowing the Regional Director considerable latitude, pointing out that agency resources are not unlimited, that priorities must be established, and that some violations are minimal and do not warrant a great expenditure of public funds and manpower. The Court then concluded that "this general prosecutorial discretion is neither absolute nor unfettered, and where an appropriate statute directs mandatory action, the prosecutorial discretion is thus narrowed and limited." Terminal Freight Handling at 708.
Our analysis must also take into consideration the constitutionally mandated separation of powers between the legislative and executive branches of government. Article II, § 1
of the Nebraska Constitution provides:
 The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
This doctrine of separation of powers has been strictly construed by the courts to forbid encroachment by one branch of government upon the powers of another branch. See Laverty v. Cochran,132 Neb. 118, 271 N.W. 354 (1937); State ex rel. Sorensen v. State Bankof Minatare, 123 Neb. 109, 242 N.W. 278 (1932); State ex rel.Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403 (1991). Our office has previously concluded that the Legislature may not both make the law and administer it. Op. Att'y Gen. No. 87114 (December 9, 1987). Therefore, an application of Neb. Rev. Stat. § 49-14,124 so as to mandate the scope and nature of each investigation without the exercise of any latitude by the Commission may well unconstitutionally encroach upon the functions of this executive agency.
For the reasons stated above, we conclude that the Commission must conduct a preliminary investigation as to each complaint filed which alleges conduct in violation of state law and must comply with the notice and reporting requirements § 49-14,124. We believe the Commission may exercise limited discretion as to the manner, length and scope of each investigation, taking into consideration such factors as the nature of the violation as well as agency resources and priorities.
II. Interpretation of Neb. Rev. Stat. § 49-14,125.
Your second question concerns the meaning of the terms "probable cause" and "appropriate proceedings" as they appear in §49-14,125 which states:
 (2) If, after a preliminary investigation, it is determined by a majority vote of the commission that there is probable cause for belief that sections 49-1401
to 49-14,138, or a rule or regulation adopted and promulgated thereunder, has been violated, the commission shall initiate appropriate proceedings to determine whether there has in fact been a violation.
The term "probable cause" is not defined within the Act. According to Black's Law Dictionary (6th Ed. 1990), "probable cause" means "[R]easonable cause; having more evidence for than against. A reasonable ground for belief in certain alleged facts."Id. at 1201.
It is clear that, at this stage, the Commission is not making a final determination as to whether a statute or regulation was violated. Rather, the Commission's role at this point is to determine whether, based on the complaint and information gathered during the preliminary investigation, the Commission reasonably believes there is more evidence for than against that a violation has occurred. The Commission should use its best judgment in making this determination.
You also inquire whether the term "appropriate proceeding" refers to something other than an evidentiary hearing. While the word appropriate appears to authorize the Commission to exercise its discretion in determining how to proceed, other language within § 49-14,125(2) lends support to the conclusion that an evidentiary hearing is intended. For example, the statute provides that all proceedings pursuant to this subsection shall be by closed session, all testimony shall be under oath, any person who appears shall have all the due process rights of a witness appearing in court, that any person whose name is mentioned may appear personally or file a written statement and that a record shall be made of all proceedings pursuant to this subsection. We believe the Commission should allow Commission staff, the alleged violator and any person whose name is mentioned during a proceeding the opportunity to present evidence before a final determination is reached.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General