REQUESTED BY: Les Tyrrell, Director Nebraska Real Estate Commission
You have asked whether a real estate licensee has an obligation under current statutes or regulations "to review the Seller Property Condition Disclosure Statement to determine if an error, inaccuracy or omission exists."
We must first point out that we answer your question in the context of the Commission's role in disciplining real estate licensees for violations of Nebraska statutes and regulations. As mentioned in our previous opinions provided to the Commission, we are not authorized to provide legal opinions to private citizens and are not attempting to speak to the potential liability of real estate licensees to buyers or other parties with regard to duties under Neb. Rev. Stat. § 76-2,120. The Nebraska Court of Appeals recently discussed an agent's potential liability under § 76-2,120 in Bohm v. DMA Partnership, 8 Neb. App. 1069 (2000). Real estate licensees may also wish to consult their own attorneys regarding potential liability.
We will first review the relevant statutes and regulations. Statutory provisions requiring each seller of residential real property located in Nebraska to provide a written disclosure statement as to the condition of the property were enacted in 1994. Neb. Rev. Stat. § 76-2,120 (1996) provides that the disclosure statement is to be completed by the seller to the best of his or her belief and knowledge and delivered by the seller to the purchaser or purchaser's agent. The seller's agent may also provide a copy of the statement.
Section 76-2,120(3) states that the disclosure statement is not a warranty but may be relied on by a purchaser in deciding whether to purchase the property. Subsection (3)(i) further provides that the information in the disclosure statement is the representation of the seller and not of any agent. A seller is not liable to a purchaser under § 76-2,120 for "any error, inaccuracy, or omission of any information in a disclosure statement if the error, inaccuracy, or omission was not within the personal knowledge of the seller." Neb. Rev. Stat. §76-2,120(8). Further, a licensee or "person representing a principal in the transaction shall not be liable under this section for any error, inaccuracy, or omission of any information in a disclosure statement unless that person has knowledge of the error, inaccuracy, or omission on the part of the seller." Neb. Rev. Stat. § 76-2,120(9). Finally, § 76-2,120(12) provides that the Real Estate Commission shall adopt and promulgate rules and regulations to carry out these statutory provisions.
The Commission has, in fact, promulgated regulations with regard to the Property Condition Disclosure Statement. Specifically, 299 NAC 5-003.25 provides that actions demonstrating unworthiness under Neb. Rev. Stat. § 81-885.24(29) include the following action:
 Failure by a licensee, who knows of an error, inaccuracy or omission in a Seller Property Condition Disclosure Statement completed pursuant to Neb. Rev. Stat. § 76-2,120 to not disclose the error, inaccuracy or omission, in writing, to a potential purchaser and the seller. Such disclosure shall be attached to the Seller Property Condition Disclosure Statement. This subsection shall become effective January 1, 1995.
In addition, both seller's agents and purchaser's agents may be disciplined for failure to assure that a copy of the disclosure statements is delivered to the purchaser. 299 NAC 5-003.23 and 299 NAC 5-003.24.
We have reviewed the nature of the brokerage relationship and the statutory duties of both the seller's agent and the buyer's agent as they exercise reasonable skill and care for their clients. It seems to us that the negotiation of a sale or purchase of real property on behalf of a client necessarily includes assisting the client with regard to the various documents necessary to accomplish the sale or purchase. A number of written agreements and statements are referred to in Neb. Rev. Stat. §§76-2401 to 76-2430 (1996), § 76-2,120, and §§ 81-885.01 to81-885.30 (1996) as well as the regulations promulgated pursuant to those statutes. One rule of statutory construction is that statutes pertaining to the same subject should be construed together as if they were one law. Indian Hills Community Church v.County Board of Equalization, 226 Neb. 510, 412 N.W.2d 459 (1987). Construing together the statutes and regulations pertaining to real estate licensees, it is not unreasonable to expect an agent to read those documents as he or she assists the client with the necessary paperwork.
We wish to make clear, however, that we found no affirmative duty on the party of an agent either to inspect the real property in question or to independently verify the accuracy of written information prepared by the client. You have asked whether the licensee must "review" the Seller Property Condition Disclosure Statement. In our opinion, the licensee can be expected to read the statement, but need not investigate its accuracy. 299 NAC 5-003.25 provides that a licensee who "knows" of an error, inaccuracy, or omission in a Seller Property Condition Disclosure Statement must disclose that error, inaccuracy, or omission, in writing, to a potential purchaser and the seller. We are aware that the disciplinary statutes and regulations are likely to be found penal in nature by Nebraska courts and must be strictly construed. Hancock v. State ex rel. Real Estate Commission,213 Neb. 807, 331 N.W.2d 526 (1983). In our view, the term "knows" in the above-referenced regulation would be interpreted as meaning actual knowledge. Therefore, with regard to the ground for discipline found at 299 NAC 5-003.25, a licensee should only be disciplined based on his or her actual knowledge of an error, inaccuracy, or omission.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved:
DON STENBERG Attorney General