REQUESTED BY: Rex Amack, Director Nebraska Game and Parks Commission
You have requested our opinion whether you can or must require social security numbers on applications for recreational licenses. You have also asked whether certain licenses issued by the Commission are considered recreational licenses so that social security numbers must be furnished.
In 1997, the Nebraska Legislature enacted the License Suspension Act, now codified at Neb. Rev. Stat. §§ 43-3301 to 43-3326, and amended numerous statutes concerning licenses and permits issued in Nebraska. The License Suspension Act was intended to encourage license holders to pay child, spousal and medical support by authorizing the suspension of professional, occupational, and recreational licenses and motor vehicle operator's licenses for failure to comply with support orders. Under the Act if an individual is not in compliance with a support order or payment plan, the Director of Health and Human Services, a county attorney, an authorized attorney or a court of competent jurisdiction may certify that individual license holder to the appropriate licensing authority as provided for in Neb. Rev. Stat. §43-3318. That provision states that the license holder shall first be certified to the Department of Motor Vehicles to suspend the license holder's operator's license. If the license holder fails to come into compliance, the authorities may then certify the license holder "[T]o the relevant licensing authority to suspend the license holder's recreational license once the Game and Parks Commission has operative the electronic or other automated retrieval system necessary to suspend recreational licenses." Neb. Rev. Stat. § 43-3318(3)(b). If the license holder does not have a recreational license and until the Game and Parks Commission has operative the electronic or other automated retrieval system necessary to suspend recreational licenses, the authorities may certify the license holder "to the relevant licensing authority to suspend the license holder's professional license, occupational license, commercial driver's license, or restricted commercial driver's license." § 43-3318(3)(c).
A "recreational license" is defined at Neb. Rev. Stat. § 43-3309
to mean "a license, certificate, registration, permit, tag, sticker, or other similar document or identifier evidencing permission to hunt, fish, or trap for furs in the State of Nebraska." A "professional or occupational license" is defined to mean "a license, certificate, registration, permit, or other similar document evidencing admission to or granting authority to engage in a profession or occupation in the State of Nebraska." § 43-3308.
To assist in carrying out the License Suspension Act, relevant licensing authorities must provide specified information about license holders to the Department of Health and Human Services and that information includes the individual's "federal employer identification number or social security number if available and permissible under law . . ."
§ 43-3324(3).
Our office has discussed the required disclosure and use of social security numbers in several previous opinions. One of the federal statutes which we have previously discussed is § 7 of the Privacy Act of 1974, 5 U.S.C. § 552a Note. While the Privacy Act of 1974 does not generally apply to state agencies, the Note at 5 U.S.C. § 552(a) provides as follows:
 5 U.S.C.A. § 552(a) Note: Disclosure of Social Security Number
 (a)(1) It shall be unlawful for any Federal, State, or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
 (2) the provisions of paragraph (1) of this subsection shall not apply with respect to —
 (A) any disclosure which is required by Federal statute, or
 (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
 (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
Therefore, disclosure of a social security number may be required if it is required by federal statute. One such federal statute is42 U.S.C. § 666 which requires states to have in effect certain laws to improve the effectiveness of child support enforcement. LB 752, Laws 1997, including the License Suspension Act, was enacted in response to42 U.S.C. § 666. Those procedures prescribed by 42 U.S.C. § 666
include:
(13) Recording of social security number in certain family matters
Procedures requiring that the social security number of —
 (A) any applicant for a professional license, commercial driver's license, occupational license, recreational license, or marriage license be recorded on the application; . . .
 For the purposes of subparagraph (A), if a State allows the use of a number other than the social security number to be used on the face of a document while the social security number is kept on file at the agency, the State shall so advise any applicants. [and]
 (16) Authority to withhold or suspend licenses
 Procedures under which the State has (and uses in appropriate cases) authority to withhold or suspend, or to restrict the use of driver's licenses, professional and occupational license, and recreational and sporting licenses of individuals owing overdue support or failing, after receiving appropriate notice, to comply with subpoenas or warrants relating to paternity or child support proceedings.
Your first question is whether the Commission can or must require social security numbers on recreational licenses. While it appears that the intent of the federal statute, 42 U.S.C. § 666, was to require the disclosure of social security numbers by an applicant for a recreational license, there are certain inconsistencies within the relevant state statutes. Recreational licenses are second in line for suspension pursuant to Neb. Rev. Stat. § 43-3318(3)(b). The Legislature has created a temporary delay in the suspension of recreational licenses by providing that recreational licenses will be suspended "once the Game and Parks Commission has operative the electronic or other automated retrieval system necessary to suspend recreational licenses." It is our understanding from speaking with your staff that this statutory condition with regard to recreational licenses was included because hunting and fishing licenses are currently sold by hundreds of permit vendors across the State of Nebraska and the identifying information which would be necessary to suspend a license remains with those permit vendors rather than being compiled in electronic form at the central office of the Game and Parks Commission. However, the Legislature clearly intended the Commission to suspend recreational license once it has the capacity to retrieve and search this information. Neb. Rev. Stat. § 43-3324 provides that all relevant licensing authorities, including the Commission, must provide certain information about license holders to the Department of Health and Human Services, again with the exception that the Commission need not provide such information as to recreational license holders until it has the capability to do so. On the other hand, Neb. Rev. Stat. § 43-3340(1) provides that individual applicants for professional licenses, commercial driver's licenses, occupational licenses and marriage licenses shall be required to provide social security numbers to aid child support enforcement, but there is no mention of recreational licenses in this general provision. Also, Neb. Rev. Stat. § 37-405, which governs the issuance of permits to hunt, fish, or harvest fur was amended to provide that applications for permits to harvest fur shall include the applicant's social security number, but no such requirement was added with regard to hunting and fishing permits, perhaps due to the Commission's inability at that time to retrieve the necessary information.
Statutes pertaining to the same subject should be construed together as if they were one law and effect should be given to every provision.Indian Hills Community Church v. County Bd. of Equalization, 226 Neb. 510,412 N.W.2d 459 (1997). Legislative intent is to be determined from consideration of an entire act; the intent deduced from the whole prevails over that of a particular part considered separately. Grosvenorv. Grosvenor, 206 Neb. 395, 293 N.W.2d 96 (1980). Considering all parts of the License Suspension Act together and keeping in mind the intent of both LB 752 and 42 U.S.C. § 666, it is our opinion that the Commission is required to ask for social security numbers on applications for all recreational licenses as soon it has operative the electronic or other automated retrieval system necessary to gather and search for social security numbers for use in the license suspension process.
Your second question is whether certain licenses and permits are considered recreational licenses and whether the Game and Parks Commission can require social security numbers on applications for the following licenses and permits: taxidermist, fur buyer, aquiculture, bait dealers, nonresident fish dealers, falconry, captive wildlife auction, captive wildlife permits and controlled shooting area licenses. Our research reveals that, with the exception of the falconry license statute at Neb. Rev. Stat. § 37-497, all of the state statutes governing the permits and licenses listed above have been amended to provide that the corresponding application shall include an individual applicant's social security number. In fact, most of these provisions were amended by LB 752 in 1997.
While these licenses and permits do not fall within the statutory definition of recreational license found at Neb. Rev. Stat. § 43-3309, they do appear to fall within the statutory definition of occupational license found at Neb. Rev. Stat. § 43-3308 and we presume that the Legislature considered these to be occupational licenses when it amended the relevant statutes so as to require disclosure of an individual applicant's social security number. Occupational licenses fall within the third category of licenses which may be suspended for failure to comply with a support order. Neb. Rev. Stat. § 43-3318(3)(c). Applicants for occupational licenses are also specifically required to disclose social security numbers pursuant to § 43-3340(1). Furthermore, there is no statutory exception or delay with regard to suspension of occupation licenses such as that which exists with regard to recreational licenses. Therefore, with the exception of the falconry license application, the Commission should currently require social security numbers on applications for the licenses and permits listed in your second question and should be prepared to suspend those licenses when requested to do so.
With regard to the falconry license, it is our understanding after conversation with your staff that falconry would more likely be considered a hobby or sport rather than an occupation. As the falconry license does not fall within the statutory definitions of either a recreational license or occupational license, there is no basis under state law for the Commission to require disclosure of a social security number on a falconry application. Neb. Rev. Stat. § 37-497, which lists the requirements for a falconry license, does not require the disclosure of social security numbers. Unless the federal law which you refer to in your opinion request allows you to obtain a social security number with regard to the state falconry license, a request for a social security number should not appear on the application for the state falconry license.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General