KENNETH R. KLEIN, APPELLEE, V. BARBARA J. KLEIN, APPELLANT.
431 N.W.2d 646

Filed November 18, 1988.    No. 88-357.

Eileen A. Hansen and Wilbur C. Smith, of Smith & Hansen, for appellant.

Jeffrey D. Toberer and Thomas D. Wulff, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Respondent mother, appellant Barbara J. Klein, assigns a number of errors to the district court's consent "to the filing [by petitioner father, appellee Kenneth R. Klein] of a Petition" for the adoption of the parties' minor daughter by the father's present wife. We dismiss the appeal for lack of jurisdiction.

A January 17, 1983, decree of the district court dissolved the marriage of the parties and awarded custody of their now 7-year-old daughter to the father. The father later, on June 23, 1984, married the present Christine Klein. Subsequently, on February 9, 1988, he filed an application in the dissolution action, seeking the consent described earlier, alleging that the mother had abandoned the daughter for more than 6 months prior to the filing of the application and that the adoption would be in the daughter's best interests.

The application was filed in accordance with Neb. Rev. Stat. § 43-104 (Cum. Supp. 1986), the pertinent portions of which provide: "[N]o adoption shall be decreed unless the petition therefor is accompanied by written consents thereto executed by . . . (2) any district court . . . having jurisdiction of the custody of a minor child by virtue of divorce proceedings had in any district court . . . in the State of Nebraska . . . ."

The consent granted by the district court does nothing more than permit the county court, as the tribunal having exclusive original jurisdiction over adoption matters, Neb. Rev. Stat. § 24-517(8) (Cum. Supp. 1988), to entertain such proceedings. Thus, the question arises as to whether the consent of the district court constitutes a final appealable order, notwithstanding the fact it is the last act the district court is capable of performing, as the question of whether the mother did in fact abandon the daughter, for the purpose of adoption, is exclusively for the county court. *In re Guardianship of Sain*, 211 Neb. 508, 319 N.W.2d 100 (1982).

Neb. Rev. Stat. § 25-1902 (Reissue 1985) defines a final order, for purposes of review by appeal, to be "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after

judgment . . . ." In construing the foregoing statute, we have said that for a decree to be final, it must dispose of the whole merits of the case, and leave nothing for the further consideration of the court.

" 'An order is final when it affects a substantial right and determines the action. . . . When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action . . . it is interlocutory.' "

When a substantial right is undetermined and the cause is retained for further action, the order is not final.

*Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 574, 324 N.W.2d 660, 662 (1982).

The fact there is nothing more the district court can do does not alter the reality that its granting of consent to the adoption proceedings does not resolve the issue of adoption. The consent of the district court means only that the mother must defend against the adoption sought in the county court. Should the adoption be granted by that latter court, the mother would then be free to appeal that decision as provided by law. At the moment, she is in no different position from any other person called upon to defend against judicially cognizable allegations.

To be sure, a district court denial of consent would prevent the county court from entertaining adoption proceedings; thus, such a denial would affect and determine the substantial right of the party seeking the consent. Accordingly, the denial of consent by the district court would constitute a final order appealable by the affected party. That a denial of consent would be appealable whereas the granting of consent is not appealable does not present a unique situation. For example, while the granting of a plea in bar is final and appealable, the denial of such a plea is not; while the granting of a summary judgment which fully disposes of a case is final and appealable, the denial of a summary judgment is not final and appealable. *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988).

This court has jurisdiction to hear appeals only from final orders. Neb. Rev. Stat. § 25-1911 (Reissue 1985); *Gruenewald v. Waara, supra*. Accordingly, this appeal must be, and hereby is, dismissed.

APPEAL DISMISSED.

BOSLAUGH, J., dissenting.

I dissent only because I believe the order of the district court should have been affirmed instead of the appeal dismissed. The order was final because there was nothing further for the district court to do in regard to the matter.

An order overruling a plea in bar or a motion for summary judgment is clearly interlocutory because the action then proceeds in the same court to judgment.