KATHERINE LOUISE SMITH, NOW KNOWN AS KATHERINE LOUISE HADLEY, APPELLANT, V. TIMOTHY ROY SMITH, APPELLEE, AND JOHN SMITH AND LENORA SMITH, INTERVENORS-APPELLEES.

497 N.W.2d 44

Filed March 12, 1993.   No. S-90-907.

Brian C. Bennett, of Dunlap & Bennett, P.C., for appellant.

James A. Wagoner for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

The appellant, Katherine L. Hadley, formerly Katherine L. Smith, is the natural mother of the children sought to be adopted by Terrell S. Hadley, her present husband. The appellee, Timothy R. Smith, is the natural father of the children.

## PROCEDURAL BACKGROUND

On March 1, 1990, appellant filed a motion for approval of adoption in the District Court of Polk County, requesting consent to the adoption of the children by Terrell S. Hadley. Upon the date of filing of the adoptions, Hadley's petition for adoption of the minor children was pending in the County Court of Lancaster County. The district court declined to approve the adoption and overruled and dismissed the motion. The court determined that voluntary abandonment by appellee had not occurred, and that in view of the grandparent visitation previously determined, it would not be in the best interests of the children to permit adoption at this time. Appellant timely appealed to this court. We reverse and remand with directions.

## FACTUAL BACKGROUND

Appellant and appellee were married on January 28, 1981. There were two children born as issue of this marriage: M.R., born April 29, 1981, and R.L., born July 23, 1984. Appellant filed a petition for dissolution of marriage on May 7, 1986, seeking custody of the two children. John and Lenora Smith, the paternal grandparents of the children, were granted leave by the court to intervene in the action.

The matter was tried in the Polk County District Court, where appellant received physical possession of the children, to be monitored by the Lancaster County Department of Social Services. The court retained legal custody of the children, and the appellee was granted visitation rights. Custody was later

granted to appellant on November 17, 1987.

On March 9, 1988, the grandparents filed a "Petition for Grandparents' Visitation Rights," after they were unable to reconcile differences with the appellant. Thereafter, appellant filed a motion to restrict appellee's visitation rights, alleging that appellee had physically assaulted her husband and made death threats toward her and her husband in front of the children. The district court granted the grandparents' visitation and required that appellee's visits be monitored by the Nebraska Department of Social Services. After both children reported that they were being emotionally abused by appellee during these visits, appellee's rights of visitation were suspended pending arrangement for supervised visitation.

Terrell Hadley, who married appellant on December 5, 1987, filed a petition for the adoption of the children in the Lancaster County Court on January 10, 1990, alleging that appellee had abandoned the children. At the time of trial, appellee had not visited the children for a period of two and one-half years. Appellee testified that he had not visited the children because he was under a condition of bail which prohibited him from having any contact with Terrell Hadley. The appellee did not show up for any visits arranged by appellant, however, nor did he attempt to set up any visitation on his own.

## STANDARD OF REVIEW

In an appeal from a denial of consent to adoption, the appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion, subject to the best interests of the children. See, *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

## CONSENT TO ADOPTION

Appellant's motion to the district court for consent to adoption was made pursuant to Neb. Rev. Stat. § 43-104 (Reissue 1988), which provides in relevant part:

> [N]o adoption shall be decreed unless the petition therefor is accompanied by written consents thereto executed by

. . . (2) any district court . . . having jurisdiction of the custody of a minor child by virtue of divorce proceedings had in any district court or separate juvenile court in the State of Nebraska, and (3) both parents if living . . . except that consent shall not be required of any parent who . . . (b) has abandoned the child for at least six months next preceding the filing of the adoption petition . . . .

It is evident that the district court in the instant case had jurisdiction to hear appellant's motion. Neb. Rev. Stat. § 42-351(1) (Reissue 1988) provides, in part, that "the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders as are appropriate concerning the status of the marriage, [and] the custody and support of minor children." We have held that "it is clear that by this statute full and complete general jurisdiction over . . . child custody and support, is vested in the district court in which a petition for dissolution of a marriage is properly filed." *Robbins v. Robbins*, 219 Neb. 151, 154, 361 N.W.2d 519, 521 (1985). Here the petition for dissolution was filed in the District Court of Polk County, Nebraska, the same court which heard appellant's motion for approval of adoption.

The district court overruled and dismissed appellant's motion to consent to adoption upon a finding that:

[V]oluntary abandonment has not occurred on the part of [appellee], and that in view of the grandparent visitation previously determined, it would not be in the best interests of the children to grant permission to adopt at this time.

Although the factors to be considered by the district court in granting or denying its consent under § 43-104 are not enumerated in the statute itself or in the legislative history, it is clear that the district court is not to consider the issue of abandonment. In *Klein v. Klein*, 230 Neb. 385, 431 N.W.2d 646 (1988), we held that "the question of whether the [parent] did in fact abandon the [child], for the purpose of adoption, is *exclusively* for the county court." (Emphasis supplied.) *Id.* at 386, 431 N.W.2d at 647 (citing *In re Guardianship of Sain*, 211 Neb. 508, 319 N.W.2d 100 (1982)).

The district court, in overruling and dismissing appellant's motion, found that "voluntary abandonment has not occurred

on the part of [appellee]." Consideration of the issue of abandonment constitutes plain error.

Generally, the issue of the children's best interests in the context of adoption is also within the dominion of the county court: "If, upon the hearing, the [county] court finds that such adoption is for the best interests of such minor child . . . of the adopting person's spouse, a decree of adoption shall be entered." Neb. Rev. Stat. § 43-109 (Cum. Supp. 1990). The district court's consideration of the children's best interests outside the context of the dissolution proceedings had before the district court was therefore also improper.

## FACTORS TO BE CONSIDERED
## BY THE DISTRICT COURT

This is the first opportunity for this court to address the question of what factors are to be considered by the district court in evaluating requests for consent to adoption. It is the duty of this court, as far as practicable, to give effect to the language of a statute and to reconcile the different provisions of it so they are consistent, harmonious and sensible. *Malone v. Benson*, 219 Neb. 28, 361 N.W.2d 184 (1985). As a series or collection of statutes pertaining to a certain subject matter, statutory components of an act may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Indian Hills Comm. Ch. v. County Bd. of Equal.*, 226 Neb. 510, 412 N.W.2d 459 (1987); *Wounded Shield v. Gunter*, 225 Neb. 327, 405 N.W.2d 9 (1987). In construing the statutes involved in this appeal, we are not restricted to tunnel vision focused on one statute isolated from its related statutory companions. Rather, we read the various sections of the adoption statutes in conjunction with, and in light of, one another. *Indian Hills, supra.*

Neb. Rev. Stat. § 24-517(8) (Reissue 1989) provides that the county courts shall have exclusive, original jurisdiction over all adoption matters. "The consent of the district court means only that the [opposing parent] must defend against the adoption sought in the county court." *Klein v. Klein, supra* at 387, 431 N.W.2d at 647. Should an adoption be granted by the county

court, the opposing parent would then be free to appeal that decision as provided by law. It is not appropriate that the district court, in order to determine consent, consider abandonment, the children's best interests, and other issues outside of the dissolution proceeding and other issues that are within the province of the county court. Requiring proof of abandonment and best interests at the district court level, prior to county court resolution of the same issues, runs afoul of judicial economy and eviscerates the "exclusive jurisdiction" of the county court on adoption matters. The Legislature has delegated that responsibility to the county court, and allows review of the county court's decision in the district court upon appeal.

While appellant would have us hold that § 43-104 is therefore only a bookkeeping device intended to keep the district court informed of the status of parties over which it has jurisdiction, we do not believe that to be the case either. Rather, we hold that the statute gives the district court two opportunities to influence an adoption proceeding. First, the district court may have already made determinations within the dissolution proceedings which are decisive on the issue of adoption or the fitness of a parent. If such is the case, it would be unnecessary for the county court to rehear these issues and the district court may deny consent based upon such findings. It should be understood, however, that a determination of custody is not, on its face, determinative as to later petitions for adoption made by either the custodial or non-custodial parent. See, *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); *Quilloin v. Walcott*, 434 U.S. 246, 98 S. Ct. 549, 54 L. Ed. 2d (1978); *Smith v. Organization of Foster Families*, 431 U.S. 816, 97 S. Ct. 2094, 53 L. Ed. 2d 14 (1977).

Second, the district court may be in the position to make a significant contribution to the determination of the county court based on its experience from the parties' dissolution proceedings. In addition to considering jurisdictional factors and prior determinations in deciding whether to grant consent to an adoption proceeding, the district court may, at its volition, make a written recommendation to the county court concerning the resolution of the proceedings in the context of

knowledge obtained through the dissolution proceedings. This recommendation should be accompanied by, whenever possible, a reference to the record of the dissolution action. Such a recommendation would only be necessary when the district court has granted consent to the adoption proceedings.

## CONCLUSION

The issues of abandonment and best interests outside of the context of dissolution are clearly not within the scope of the district court's inquiry when it is considering a request for consent to adoption. These issues and all others concerning adoption proceedings are within the exclusive jurisdiction of the county court. The district court is not, however, restricted to merely ascertaining whether the parties before it are properly within its jurisdiction under § 42-351. The district court may also either deny consent based upon findings from the dissolution proceedings, or the district court may submit a written recommendation to the county court based upon findings in the dissolution proceedings on issues relevant to the adoption proceeding. The weight to be given such a recommendation lies within the discretion of the county court.

Accordingly, the judgment in this case is reversed and the cause remanded to the district court with directions that the court follow the standards set out above in determining whether or not to grant consent to adoption.

REVERSED AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., not participating in the decision.