JOHN K. HAYES, APPELLEE, V.
JOSEPH A. APPLEGARTH, APPELLANT.

631 N.W.2d 547

Filed July 17, 2001. No. A-99-797.

John M. Boehm and Paul L. Douglas for appellant.

Gregory A. Greder for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

This case originated in Lancaster County Small Claims Court where a decision was rendered against Joseph A. Applegarth and in favor of John K. Hayes. Applegarth appealed the decision of the small claims court to the district court for Lancaster County and now appeals the decision of the district court dismissing Applegarth's appeal on the basis that it did not have jurisdiction.

## BACKGROUND

Hayes filed an action against Applegarth in Lancaster County Court sitting as a small claims court. The action arose out of an automobile accident involving the sons of the two parties. Following a trial in the small claims court, judgment was entered in favor of Hayes in the amount of $1,461.62.

Applegarth proceeded to appeal the decision of the small claims court to the district court by timely filing a notice of appeal signed by Applegarth's attorney and depositing a docket fee with the clerk of the county court. On its own motion, the district court raised the issue of whether it had jurisdiction over the appeal when Applegarth's attorney, rather than Applegarth, signed the notice of appeal. The district court subsequently determined that having the attorney sign the notice of appeal was not in accordance with the applicable statutes and that therefore, it was without jurisdiction and the appeal must be dismissed. Applegarth now appeals the district court's decision.

## ASSIGNMENT OF ERROR

Applegarth assigns three alleged errors that can be summarized into one as follows: The district court erred in finding that it was without jurisdiction, thereby dismissing the appeal.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996).

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tilt-Up Concrete v. Star City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001); *Gottsch Feeding Corp. v. State*, 261 Neb. 19, 621 N.W.2d 109 (2001).

## ANALYSIS

Neb. Rev. Stat. § 25-2803(2) (Reissue 1995) provides that "[n]o party shall be represented by an attorney in the Small Claims Court except as provided in section 25-2805." Neb. Rev. Stat. § 25-2805 (Cum. Supp. 2000) permits an attorney for a party to transfer a case from small claims court to the regular docket of the county court. Neb. Rev. Stat. § 25-2807 (Cum. Supp. 2000) provides, in reference to a party appealing from a

small claims court decision, that "any party may appeal to the district court as provided in sections 25-2728 to 25-2738. Parties may be represented by attorneys on appeal." In dismissing Applegarth's appeal, the district court determined that when Applegarth filed his notice of appeal, the small claims court still had jurisdiction and that pursuant to § 25-2803(2), Applegarth could not have his attorney sign his notice of appeal.

As stated above, § 25-2807 provides that a party appealing from a small claims court decision may appeal to the district court "as provided in sections 25-2728 to 25-2807" and that parties may be represented by attorneys "on appeal." We must determine whether the filing of the notice of appeal falls within the "on appeal" language in § 25-2807.

In construing a statute, it is presumed that the Legislature intended a sensible, rather than an absurd, result; an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *State ex rel. Neb. Health Care Assn. v. Dept. of Health*, 255 Neb. 784, 587 N.W.2d 100 (1998). It is the duty of the courts as far as practicable, to give effect to the language of a statute and to reconcile the different statutory provisions so they are consistent, harmonious, and sensible. *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993). Likewise, a court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *Solar Motors v. First Nat. Bank of Chadron*, 249 Neb. 758, 545 N.W.2d 714 (1996).

In determining whether the filing of the notice of appeal falls within the "on appeal" language in § 25-2807, we look to Neb. Rev. Stat. §§ 25-2728 to 25-2738 (Reissue 1995), which pursuant to § 25-2807 govern the appeal process for a party appealing from small claims court. Sections 25-2728 to 25-2738 are the standard appeal provisions that govern appeals from county courts to district courts. Pursuant to § 25-2807, appeals from small claims court decisions are governed by the same statutes that govern appeals from county court decisions. Once the small claims court rendered its decision, the entire appeal process from that point forward is governed by §§ 25-2728 to 25-2738. Section 25-2729 establishes the procedure for appeals from county court to district court. Section 25-2729 states in part as follows:

(1) In order to perfect an appeal from the county court, the appealing party shall within thirty days after the rendition of the judgment or making of the final order complained of:

(a) File with the clerk of the county court a notice of appeal; and

(b) Deposit with the clerk of the county court a docket fee in the amount of the filing fee in district court.

(2) Satisfaction of the requirements of subsection (1) of this section shall perfect the appeal and give the district court jurisdiction of the matter appealed.

Pursuant to § 25-2729, the first step in proceeding with an appeal is to file a notice of appeal with the clerk of the county court and deposit a docket fee within 30 days after the entry of the judgment. This is the initial step of the appeal procedure for all appeals from county court, and pursuant to § 25-2807, it is also the first step of an appeal procedure for appeals from small claims court. Applegarth timely filed his notice of appeal signed by his attorney and deposited an appropriate docket fee as required by § 25-2729(1). There is no restriction in § 25-2729 prohibiting a party from having an attorney sign a notice of appeal from a county court decision. Likewise, there is no restriction prohibiting a party from having an attorney sign and file a notice of appeal from a small claims court decision. To conclude that an attorney cannot represent a small claims court litigant in the first step of the appeal process is inconsistent with the plain language of §§ 25-2807 and 25-2729 and would result in an illogical and inconsistent interpretation of the statutory procedures at issue. Section 25-2807 specifically allows parties to be represented by attorneys in the appeal process. Section 25-2803(2), which prohibits a party from being represented by an attorney in small claims court, refers only to the litigation process. Once the small claims court renders a decision, § 25-2807 becomes the applicable statute, and the appeal process is treated the same as an appeal from county court where there is nothing prohibiting a party from being represented by an attorney at any point in the appeal procedure.

We find that filing a notice of appeal falls within the "on appeal" language in § 25-2807, and consequently, an attorney

may sign a notice of appeal on behalf of a party appealing from a small claims court decision. Thus, Applegarth filed his notice of appeal in accordance with the applicable statutes, and thus, the district court had jurisdiction over Applegarth's appeal.

## CONCLUSION

The statutes governing appeals from small claims court allowed Applegarth to file a notice of appeal signed by his attorney. Therefore, the district court erred in determining that it did not have jurisdiction and in dismissing Applegarth's appeal. Accordingly, the district court's order is reversed, and the cause is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.