Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/23/2016 09:09 AM CST

In re Adoption of Chase T., a minor child.
Jennifer T., appellant, v. Lindsay P.
and Jessica P., appellees.
___ N.W.2d ___

Filed December 23, 2016.    No. S-15-1145.

1. **Jurisdiction.** Statutory authority to exercise subject matter jurisdiction may be raised sua sponte by a court.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.
3. **Jurisdiction: Appeal and Error.** Before deciding the merits of an appeal, an appellate court must determine if it has jurisdiction.
4. ____: ____. If the court from which a party appeals lacked jurisdiction, then the appellate court acquires no jurisdiction. But an appellate court has the power to determine whether it has jurisdiction over an appeal and to correct jurisdictional issues even if it does not have jurisdiction to reach the merits.
5. **Adoption.** The matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed.
6. **Adoption: Courts: Jurisdiction.** Neb. Rev. Stat. § 43-104 (Reissue 2016) mandates that certain consents be filed in the county court before an adoption can proceed, including the consent of any district court in Nebraska having jurisdiction of the custody of the minor child.
7. **Adoption: Statutes.** Before holding hearings and ruling on matters in an adoption proceeding, the county court should first consider whether it has statutory authority to proceed with the adoption.
8. **Adoption: Courts: Jurisdiction.** Failure to file the consents required by Neb. Rev. Stat. § 43-104 (Reissue 2016) is a procedural defect that is jurisdictional in nature.
9. ____: ____: ____. Without the consents required by Neb. Rev. Stat. § 43-104 (Reissue 2016), a county court lacks authority, or jurisdiction, to entertain an adoption proceeding.

10. **Statutes: Appeal and Error.** The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.

11. ____: ____. The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

12. **Adoption: Statutes.** The requirement of Neb. Rev. Stat. § 43-102 (Reissue 2016) that necessary consents must be on file "prior to the hearing" is designed to ensure that before the county court entertains a decision on the merits in an adoption proceeding, all those required to consent to the adoption proceeding have done so.

13. ____: ____. Although the adoption statutes no longer require that necessary consents be filed "together with" the adoption petition, the statutes still require that such consents be filed before a county court holds hearings and entertains the merits of any issue in the adoption proceeding.

14. **Statutes: Presumptions: Legislature: Intent.** When construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible rather than an absurd result in enacting a statute.

15. **Jurisdiction: Appeal and Error.** When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or questions, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

Appeal from the County Court for Douglas County: LAWRENCE E. BARRETT, Judge. Judgment vacated, and cause remanded for further proceedings.

Angela Lennon, of Koenig Dunne Divorce Law, P.C., L.L.O., and George T. Babcock, of Law Offices of Evelyn N. Babcock, for appellant.

Desirae M. Solomon, and Terry M. Anderson, of Hauptman, O'Brien, Wolf & Lathrop, for appellees.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

Stacy, J.

## NATURE OF CASE

Jennifer T. appeals from an order of the county court dismissing her complaint to intervene in an adoption proceeding and denying her request to stay the adoption. We conclude the county court lacked statutory authority to exercise subject matter jurisdiction over the adoption proceeding, and we thus vacate the order from which Jennifer appeals and remand the cause to the county court for further proceedings consistent with this opinion.

## BACKGROUND

Lindsay P. and Jennifer were involved in a committed relationship from 2001 until 2012. They never wed. In 2010, Lindsay gave birth to a son, Chase T., conceived by artificial insemination using an anonymous donor. Chase's biological father is unknown and is not a party to the adoption proceeding. After Chase's birth, Jennifer stayed home to care for him while Lindsay worked outside the home.

In 2012, Lindsay and Jennifer separated. They continued to coparent Chase, and agreed to a parenting schedule under which Lindsay had Chase on Mondays and Tuesdays, Jennifer had Chase on Wednesdays and Thursdays, and they alternated weekend parenting time. Jennifer continued to provide daycare for Chase while Lindsay worked. Sometime in 2015, Lindsay married Jessica P.

On August 12, 2015, Jennifer filed a complaint against Lindsay in the district court for Douglas County seeking to establish custody of Chase. Jennifer alleged she stands in loco parentis to Chase and requested that she and Lindsay be awarded his joint legal and physical custody. According to the parties' attorneys, the district court custody action remains pending and trial has been scheduled.

Approximately 1 month after the custody action was filed, Lindsay and her wife filed a petition for stepparent adoption

in the county court for Douglas County. A few weeks later, Jennifer sought to intervene in the adoption proceeding based on her purported status as in loco parentis. Jennifer also moved to stay the adoption proceeding pending resolution of the district court custody action. Lindsay and Jessica objected to the intervention and opposed the stay. After an evidentiary hearing, the county court concluded Jennifer did not have standing to intervene in the adoption based on her purported status as in loco parentis. In an order entered November 17, 2015, the county court dismissed Jennifer's complaint to intervene and overruled her motion to stay the adoption proceeding. Jennifer timely appealed.

After perfecting the appeal, Jennifer filed a motion asking the Nebraska Court of Appeals to stay the adoption proceeding pending the outcome of her appeal. The Court of Appeals sustained the motion and ordered the adoption proceeding stayed. Thereafter, we moved the case to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

## ASSIGNMENTS OF ERROR

Jennifer assigns, restated and renumbered, that the county court erred in (1) concluding it had jurisdiction over the adoption, (2) exercising jurisdiction in violation of the doctrine of jurisdictional priority, and (3) dismissing the complaint to intervene based on a finding that she lacked standing to intervene in the adoption.

## STANDARD OF REVIEW

[1] Statutory authority to exercise subject matter jurisdiction may be raised sua sponte by a court.[2]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[2] *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 540 N.W.2d 554 (1995).

[2] Statutory interpretation presents a question of law.[3] When reviewing questions of law, we resolve the questions independently of the conclusions reached by the trial court.[4]

## ANALYSIS

[3,4] Before deciding the merits of an appeal, an appellate court must determine if it has jurisdiction.[5] If the court from which a party appeals lacked jurisdiction, then the appellate court acquires no jurisdiction.[6] But we have the power to determine whether we have jurisdiction over an appeal and to correct jurisdictional issues even if we do not have jurisdiction to reach the merits.[7]

Jennifer argues the county court lacked jurisdiction over the adoption proceeding when it dismissed her complaint in intervention and denied her motion to stay. She bases this argument in part on Lindsay's failure to obtain the consents required by the adoption statutes. Specifically, Jennifer asserts that because she had previously invoked the jurisdiction of the district court to determine the custody of Chase, the county court lacked authority, absent the district court's consent, to exercise its subject matter jurisdiction over the later-filed adoption proceeding.

[5,6] We have long recognized that in Nebraska, the matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed.[8] Nebraska's adoption statutes mandate that certain consents be filed in the county court before an adoption can proceed, including the consent of any district court in Nebraska having

---

[3] *In re Adoption of Corbin J.*, 278 Neb. 1057, 775 N.W.2d 404 (2009).

[4] *Id.*

[5] *In re Adoption of Jaelyn B.*, 293 Neb. 917, 883 N.W.2d 22 (2016).

[6] *Id.*

[7] *Id.*

[8] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

jurisdiction of the custody of the minor child.[9] Specifically, § 43-104(1) provides in relevant part: "[N]o adoption shall be decreed unless written consents thereto are filed in the county court . . . by . . . (b) any district court . . . in the State of Nebraska having jurisdiction of the custody of a minor child by virtue of proceedings had in any district court." A district court's written consent is shown by "a duly certified copy of order of the court required to grant such consent."[10]

[7] Our record on appeal does not contain a certified order of the district court granting consent to proceed with the adoption, and it is apparent from the parties' filings and arguments below that no such consent was obtained. Among the arguments Jennifer presented to the county court was the argument that the court lacked jurisdiction to proceed with the adoption because Lindsay and Jessica had not obtained and filed the written consent of the district court, which had pending before it a custody action involving Chase. The record demonstrates the county court was aware the custody case involving Chase was filed in the district court before Lindsay and Jessica filed their adoption petition, and the parties' pleadings and arguments in county court should have alerted the county court to a possible jurisdictional issue. Under such circumstances, before holding hearings and ruling on matters in the adoption proceeding, the county court should first consider whether it has statutory authority to proceed with the adoption.

[8,9] In *In re Adoption of Kassandra B. & Nicholas B.*,[11] we explained that the failure to file the consents required by § 43-104 is "a procedural defect that is jurisdictional in nature."[12] We held that "[w]ithout requisite consents, a county

---

[9] See Neb. Rev. Stat. § 43-104 (Reissue 2016).

[10] Neb. Rev. Stat. § 43-106 (Reissue 2016).

[11] *In re Adoption of Kassandra B. & Nicholas B., supra* note 2.

[12] *Id.* at 920, 540 N.W.2d at 559.

court lacks authority, or jurisdiction, to entertain an adoption proceeding."[13] We reasoned such a conclusion was required by the plain language of the adoption statutes and by our prior decisional law.[14] And we cautioned that "[t]he consent filing requirements imposed [by statute] are not mere procedural matters which can be easily disregarded or waived."[15]

In *In re Adoption of Kassandra B. & Nicholas B.*, we construed the adoption statutes to require that all necessary consents must be filed "'together with'"[16] the adoption petition. And we concluded the failure to file statutory consents simultaneously with the adoption petition was a procedural defect that was "jurisdictional in nature"[17] and required dismissal.

After our decision in *In re Adoption of Kassandra B. & Nicholas B.*, Neb. Rev. Stat. § 43-102 (Reissue 2016) was amended. Now, instead of providing that consents must be filed "together with" the adoption petition, it provides that consents "shall be filed prior to the hearing required in section 43-103."[18] Neb. Rev. Stat. § 43-103 (Reissue 2016) requires the court to set a hearing on the petition for adoption within a certain timeframe (not less than 4 weeks nor more than 8 weeks after the petition is filed), but does not expressly reference preliminary hearings. We have not previously construed this statutory amendment or considered its impact on the rule announced in *In re Adoption of Kassandra B. & Nicholas B.*

[10,11] The rules of statutory interpretation require an appellate court to give effect to the entire language of a

_____

[13] *Id.* at 921, 540 N.W.2d at 559.

[14] See *Klein v. Klein*, 230 Neb. 385, 431 N.W.2d 646 (1988) (holding that consent granted by district court permits county court to entertain jurisdiction over adoption proceeding).

[15] *In re Adoption of Kassandra B. & Nicholas B., supra* note 2, 248 Neb. at 922, 540 N.W.2d at 560.

[16] *Id.* at 919, 540 N.W.2d at 558, quoting § 43-102 (Reissue 1988).

[17] *Id.* at 920, 540 N.W.2d at 559.

[18] See 1993 Neb. Laws, L.B. 16, § 1, and 1998 Neb. Laws, L.B. 1041, § 6.

statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.[19] The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[20]

[12-14] Construing the provisions of §§ 43-102, 43-103, and 43-104 together, the requirement that necessary consents must be on file "prior to the hearing" is designed to ensure that before the county court entertains a decision on the merits in an adoption proceeding, all those required to consent to the adoption proceeding have done so. We conclude that although the adoption statutes no longer require that necessary consents be filed "together with" the adoption petition, the statutes still require that such consents be filed before a county court holds hearings and entertains the merits of any issue in the adoption proceeding. To hold otherwise would permit a county court to exceed its statutory authority and exercise jurisdiction over preliminary issues in an adoption case where it may never obtain jurisdiction to proceed to decree. When construing a statute, appellate courts are guided by the presumption that the Legislature intended a sensible rather than an absurd result in enacting a statute.[21]

We have observed that the consent of the court "does nothing more than permit the [county or juvenile] court to entertain the adoption proceedings,"[22] but the present appeal illustrates that the district court's consent serves another important purpose: to ensure that when a custody case involving the child is being litigated in district court, an adoption proceeding

---

[19] *Hoppens v. Nebraska Dept. of Motor Vehicles*, 288 Neb. 857, 852 N.W.2d 331 (2014).

[20] *Huntington v. Pedersen*, 294 Neb. 294, 883 N.W.2d 48 (2016).

[21] *In re Adoption of Luke*, 263 Neb. 365, 640 N.W.2d 374 (2002).

[22] *Id.* at 372, 640 N.W.2d at 380.

involving the same child does not proceed until the district court gives consent to proceed with the adoption. In that sense, requiring necessary court consents to be filed before entertaining the merits of an issue in the adoption proceeding serves to promote judicial efficiency and prevent an adoption court from issuing inconsistent or premature rulings on matters affecting the best interests of the child.

As discussed earlier, the record before us does not reflect the district court's consent. Absent the district court's consent as required by §§ 43-102 and 43-104(1)(b), the county court lacked the statutory authority to exercise jurisdiction over the adoption proceeding and also lacked authority to rule on the merits of Jennifer's intervention claim.

[15] When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[23] As such, our disposition of this case does not permit us to reach the merits of whether Jennifer has the right to intervene in the adoption proceeding.

## CONCLUSION

For the foregoing reasons, we vacate the county court's order of November 17, 2015, and remand the cause for further proceedings consistent with this opinion.

JUDGMENT VACATED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

---

[23] *State ex rel. Lamm v. Nebraska Bd. of Pardons*, 260 Neb. 1000, 620 N.W.2d 763 (2001).