Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/19/2018 08:13 AM CDT

HAROLD LUCAS HELM, APPELLANT, V.
ASHLEY DAWN HELM, APPELLEE.
___ N.W.2d ___

Filed June 19, 2018.    No. A-17-737.

1.  **Adoption: Appeal and Error.** In an appeal from a denial of consent to
    adoption, the appellate court's review of a trial court's judgment is de
    novo on the record to determine whether there has been an abuse of dis-
    cretion by the trial judge, whose judgment will be upheld in the absence
    of an abuse of discretion, subject to the best interests of the children.
2.  **Adoption: Statutes.** The matter of adoption is statutory, and the man-
    ner of procedure and terms are all specifically prescribed and must
    be followed.
3.  **Adoption: Parent and Child: Parental Rights.** Consent of a biological
    parent to the termination of his or her parental rights is the foundation of
    our adoption statutes, and an adoption without such consent must come
    clearly within the exceptions contained in the statutes.
4.  **Divorce: Courts: Adoption.** Consent from a district court that has
    issued a dissolution decree concerning minor children is a prerequisite
    for adoption of those children.
5.  **Courts: Jurisdiction: Adoption.** The consent for adoption given by a
    district court is not a determination of the child's best interests or any
    other issue pertaining to adoption; such determination rests solely in the
    county court's exclusive jurisdiction.
6.  ____: ____: ____. The consent provision of Neb. Rev. Stat. § 43-104(1)(b)
    (Reissue 2016) contemplates that another court has jurisdictional prior-
    ity over the custody of the child and that only with the other court's
    consent will the adoption be allowed to proceed.
7.  **Courts: Adoption: Parental Rights.** Neb. Rev. Stat. § 43-104 (Reissue
    2016) gives the district court two opportunities to influence an adoption
    proceeding. It may have already made determinations in past proceed-
    ings which are decisive on the issue of adoption or the fitness of a
    parent. Or, it may be in a position to make a significant contribution

to the county court's determination based on its prior experience with the parties.

8. **Courts: Adoption: Legislature.** The Legislature has granted the district court the discretion to grant or deny a request for its consent for adoption.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Reversed and remanded with directions.

Kelly N. Tollefsen, of Kelly Tollefsen Law Offices, P.C., for appellant.

Robin L. Binning, of Binning & Plambeck, for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

Harold Lucas Helm appeals from the order of the district court for Sarpy County that denied his motion seeking the district court's consent to a stepparent adoption. As explained more fully below, we find that the district court abused its discretion in denying Harold's motion on the basis that abandonment was the only issue before the court. We therefore reverse the district court's order and remand the cause with directions.

## FACTUAL BACKGROUND

Harold and Ashley Dawn Helm were married in 2007 and had two children, born in 2007 and 2011. The parties were divorced in February 2015, at which time Harold was granted sole legal and physical custody of the children, subject to Ashley's supervised visitation.

On April 18, 2017, Harold filed a "Motion for District Court's Consent to Adoption & Determination of Mother's Consent." Harold alleged that he had married Lindsay Helm in October 2015, that Lindsay was a fit and proper person to adopt the minor children, and that he had given his consent to the proposed adoption. Harold further alleged that Ashley

had abandoned the children and that her last contact with them was in April 2015. Harold moved the court to grant its consent to Lindsay's adoption of the children, and he prayed that the court determine that Ashley had abandoned them.

The district court initially granted its consent for the adoption in an order filed May 4, 2017. It also found that Ashley had abandoned the children and that, therefore, her consent was not required. However, that order was vacated on May 17, because of "insufficient service" on Ashley. At a June 21 hearing, Ashley testified as to her unsuccessful attempts to keep in contact with the children and to her belief that most of those attempts were deliberately thwarted by Harold. Nonetheless, both parties acknowledged that the issue of abandonment was not within the scope of the district court's inquiry when considering a request for consent to adoption.

On July 6, 2017, the district court denied Harold's motion. The court cited extensively from relevant statutes and case law involving its authority to consider abandonment issues in a consent to adoption proceeding. The court found that it lacked the authority to consider the issue of abandonment, and it further found that abandonment was the sole issue raised in Harold's motion. The court thus concluded that Harold's motion for consent to adoption must be denied. Harold timely appealed from this order.

## ASSIGNMENTS OF ERROR

Harold asserts, summarized and restated, that the district court erred in finding that abandonment was the only issue raised in his "Motion for District Court's Consent to Adoption & Determination of Mother's Consent" and in concluding that it lacked authority to hear his motion.

## STANDARD OF REVIEW

[1] In an appeal from a denial of consent to adoption, the appellate court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in

the absence of an abuse of discretion, subject to the best interests of the children. *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993).

## ANALYSIS

[2,3] The matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed. *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016). Consent of a biological parent to the termination of his or her parental rights is the foundation of our adoption statutes, and an adoption without such consent must come clearly within the exceptions contained in the statutes. *Id.*

[4,5] As applicable to this case, Neb. Rev. Stat. § 43-104 (Reissue 2016) provides:

> (1) . . . [N]o adoption shall be decreed unless written consents thereto are filed in the county court of the county in which the person or persons desiring to adopt reside . . . and the written consents are executed by . . . (b) any district court . . . in the State of Nebraska having jurisdiction of the custody of a minor child by virtue of proceedings had in any district court . . . .

This includes district courts that have issued a dissolution decree concerning the minor children. *In re Adoption of Madysen S. et al., supra.* The consent granted by the district court does nothing more than permit the county court, as the tribunal having exclusive original jurisdiction over adoption matters, to entertain such proceedings. *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018). Such consent is not a determination of the child's best interests or any other issue pertaining to adoption. *Id.* Because county courts have exclusive jurisdiction over adoption, a nonadoption court lacks authority to decide such matters. *Id.*

[6] The Nebraska Supreme Court has reasoned the consent provision of § 43-104(1)(b) contemplates that another court has jurisdictional priority over the custody of the child and

that only with the other court's consent will the adoption be allowed to proceed. *Jennifer T. v. Lindsay P., supra.* The court stated that the consent required under that statute can be understood as a limited deferral to the adoption court of the first court's jurisdictional priority. *Id.* In the same vein, the court has noted that the adoption statutes, including Neb. Rev. Stat. §§ 43-102 and 43-103 (Reissue 2016) and § 43-104, require that such consents be filed before a county court holds hearings and entertains the merits of any issue in the adoption proceeding. *In re Adoption of Chase T.*, 295 Neb. 390, 888 N.W.2d 507 (2016). The court observed that requiring necessary court consents to be filed before entertaining the merits of an issue in the adoption proceeding serves to promote judicial efficiency and prevent an adoption court from issuing inconsistent or premature rulings on matters affecting the best interests of the child. *Id.*

In addition to requiring consent from a court having jurisdiction over a child, § 43-104(1)(c) also requires that prior to adoption, consent from both parents of a child born in lawful wedlock if living be given, but § 43-104(2) excepts from this requirement any parent who has abandoned the child for at least 6 months prior to the filing of the adoption petition.

Given this background regarding the purpose and limitations of the district court's authority to grant or deny consents, and the effect of abandonment on the need for parental consent, we turn to a discussion of the factors that may be considered by a district court in granting or denying its consent under § 43-104. *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993), is the pivotal case with regard to these factors. The parties in S*mith* had been divorced in the district court, and subsequently, the mother, who had custody of the children, moved the district court for its consent for her new husband to adopt the children. The district court denied the mother's motion, determining that voluntary abandonment had not occurred and that it was not in the children's best interests to permit the adoption. *Id.*

On appeal, the *Smith* court stated that consideration of the issue of abandonment constituted plain error, noting that the question of abandonment is to be addressed exclusively by the county court. The court explained: "'The consent of the district court means only that the [opposing parent] must defend against the adoption sought in the county court.'" *Id*. at 817, 497 N.W.2d at 49, quoting *Klein v. Klein*, 230 Neb. 385, 431 N.W.2d 646 (1988). The *Smith* court further noted that if a county court grants an adoption, an opposing parent is free to appeal that decision.

[7] The *Smith* court observed that the factors to be considered by the district court in granting or denying its consent under § 43-104 are not enumerated in the statute itself or in the legislative history, but it rejected the appellant's contention that § 43-104 is only a "bookkeeping device" intended to keep the district court informed of the status of parties over which it had jurisdiction. *Smith v. Smith*, 242 Neb. at 818, 497 N.W.2d at 49. Rather, the court held:

[T]he statute gives the district court two opportunities to influence an adoption proceeding. First, the district court may have already made determinations within the dissolution proceedings which are decisive on the issue of adoption or the fitness of a parent. If such is the case, it would be unnecessary for the county court to rehear these issues and the district court may deny consent based upon such findings. It should be understood, however, that a determination of custody is not, on its face, determinative as to later petitions for adoption made by either the custodial or non-custodial parent. . . .

Second, the district court may be in the position to make a significant contribution to the determination of the county court based on its experience from the parties' dissolution proceedings. In addition to considering jurisdictional factors and prior determinations in deciding whether to grant consent to an adoption proceeding, the district court may, at its volition, make a written

recommendation to the county court concerning the resolution of the proceedings in the context of knowledge obtained through the dissolution proceedings. This recommendation should be accompanied by, whenever possible, a reference to the record of the dissolution action. Such a recommendation would only be necessary when the district court has granted consent to the adoption proceedings.

*Smith v. Smith*, 242 Neb. 812, 818-19, 497 N.W.2d 44, 49 (1993) (citations omitted).

In the instant case, Harold asked the district court to grant its consent for his present wife, Lindsay, to adopt his minor children, and he also sought a determination that Ashley had abandoned the children. Among other allegations, his motion stated that Lindsay was a fit and proper person to adopt the children and to assume parental responsibilities for them. We disagree with the district court's assertion that abandonment was the sole issue raised in Harold's motion. Although Harold indeed asserted that Ashley had abandoned the children, the essence of the motion was Harold's request that the court grant its consent for a stepparent adoption.

At the hearing, the parties and the court all recognized the district court's inability to adjudicate issues of abandonment. Harold's counsel stated, "[T]he only consent that the District Court is giving is whether or not we can have the fight in County Court on abandonment." Ashley's counsel contended that the district court was uniquely positioned, having heard the dissolution case, to determine whether Harold had violated provisions of the decree pertaining to Ashley's access to the children.

During the hearing, the district court noted that a different judge had presided over the parties' dissolution proceedings and stated that, with regard to those proceedings, "I don't have any information firsthand, nor do I see any information within the court file [of determinations made during the dissolution proceedings that may be decisive on the issue of adoption or

fitness of a parent].'' The court noted that it was clear it could not address the issue of abandonment in the present hearing, but took the motion under advisement.

In its order denying consent, the district court stated it was without the authority to decide the issue of abandonment and concluded that ''[a]bandonment is the only allegation made by [Harold] in his motion, and thus, based upon the evidence adduced at trial, this Court finds that [Harold] failed to meet his burden in this matter.'' We disagree.

[8] The Legislature has granted the district court the discretion to grant or deny a request for its consent for adoption. *Smith v. Smith, supra*, provides the factors a district court is to consider in evaluating requests for consent for adoption. Because the district court failed to consider those factors, it abused its discretion in denying the motion for consent. We therefore reverse the district court's order and remand the cause for a determination by the district court based upon the factors set forth in *Smith v. Smith, supra*.

## CONCLUSION

Although the district court was correct in concluding it lacked jurisdiction to address the issue of abandonment, it abused its discretion in failing to consider the factors set forth in *Smith v. Smith*, 242 Neb. 812, 497 N.W.2d 44 (1993), in determining Harold's motion for consent to adoption. We therefore reverse the district court's order and remand the cause to the district court with directions to determine whether or not to grant consent to adoption based upon the *Smith v. Smith* factors.

Reversed and remanded with directions.