RORICK PARTNERSHIP, A GENERAL PARTNERSHIP, APPELLEE, V.
LYDIA HAUG, APPELLANT.

422 N.W.2d 365

Filed April 29, 1988.   No. 86-656.

Lydia Haug, pro se.

John J. Reefe, Jr., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

PER CURIAM.

As the landlord and owner of real estate leased as an apartment to Lydia Haug, Rorick Partnership commenced an action in the county court for Douglas County. Rorick alleged that Haug's tenancy in the leased premises was terminated, but that Haug continued in possession of the premises, notwithstanding Rorick's notice to quit. Rorick requested a writ of restitution for the premises and costs of the action. Haug answered and counterclaimed, seeking $40,000 in damages from Rorick. Since the amount of the counterclaim exceeded the county court's jurisdiction of $10,000, see Neb. Rev. Stat. § 24-517 (Cum. Supp. 1986), the county court transferred Haug's counterclaim to the district court for Douglas County. See Neb. Rev. Stat. § 24-302.01 (Cum. Supp. 1986).

In the trial on Rorick's petition, the county court found in favor of Rorick and issued a writ of restitution on May 27, 1986. On May 29, Haug, as required by Neb. Rev. Stat. § 24-541.02 (Reissue 1985) governing an appeal from the county court to the district court, filed her notice of appeal and deposited the district court docket fee with the clerk of the county court. Also, Haug deposited $750 in the county court as

a supersedeas of the writ of restitution. The transcript for the district court proceedings states only:

> Plaintiff appeared through counsel.
> Defendant appeared.
> Evidence adduced.
> Motion for Recusal heard and overruled.
> Motion to file Amended Affidavit sustained.
> Motion on Bond heard.
> Motion sustained.
> Appeal dismissed based upon lack of adequate bond.
> Case disposed of.

In her appeal, Haug argues that dismissal of her appeal was incorrect.

Among the statutes applicable to this case are the following concerning appeals from the county court to the district court:

> (1) In order to perfect an appeal from the county court the appealing party shall within thirty days after the rendition of the judgment or making of the final order complained of:
>
> (a) File with the clerk of the county court a notice of appeal; and
>
> (b) Deposit with the clerk of the county court a docket fee in the amount of the filing fee in district court for cases originally commenced in district court.
>
> (2) Satisfaction of the requirements of subsection (1) of this section shall perfect the appeal and give the district court jurisdiction of the matter appealed, except that in appeals from the county court sitting as a juvenile court the county court may act in accordance with section 43-202.03.

§ 24-541.02;

> In appeals in cases under the Uniform Residential Landlord and Tenant Act no appeal shall operate as a supersedeas of any writ of restitution until the defendant shall deposit an undertaking or cash bond in accordance with section 76-1447.

Neb. Rev. Stat. § 24-541.03(4) (Reissue 1985); and

> In all cases other than appeals from the Small Claims Court, the district court shall review the case for error

appearing on the record made in the county court . . . . The district court shall render a judgment which may affirm, affirm but modify, or reverse the judgment or final order of the county court . . . . If the district court reverses, it may enter judgment in accordance with its findings or remand the case to the county court for further proceedings consistent with the judgment of the district court.

Neb. Rev. Stat. § 24-541.06(1) (Reissue 1985).

Neb. Rev. Stat. § 76-1447 (Reissue 1986) of the Uniform Residential Landlord and Tenant Act, Neb. Rev. Stat. §§ 24-568 (Reissue 1985) and 76-1401 to 76-1449 (Reissue 1986), provides:

If either party feels aggrieved by the judgment, he may appeal as in other civil actions. An appeal by the defendant shall stay the execution of any writ of restitution, so long as the defendant deposits with the clerk of the district court the amount of judgment and costs, or gives an appeal bond with surety therefor, and thereafter pays into court, on a monthly basis, an amount equal to the monthly rent called for by the rental agreement at the time the complaint was filed.

Rorick contends that the Uniform Residential Landlord and Tenant Act applies to its action against Haug and then asserts that Haug

never paid "into court, on a monthly basis, an amount equal to the monthly rent called for by the rental agreement at the time the complaint was filed." Thus appellant was in default on her bond and appellee was entitled to the writ of restitution, which was granted by the District Court.

Brief for Appellee at 6.

As far as we can determine, the district court disposed of Haug's appeal on the basis of a lack of jurisdiction on account of an inadequate supersedeas bond, that is, "Appeal dismissed based upon lack of adequate bond."

To vest appellate jurisdiction in the district court for an appeal from the county court, all that is required is the timely filed notice of appeal and timely deposit of the district court

docket fee, as required by § 24-541.02.

A district court's acquisition of appellate jurisdiction of an appeal from a county court is much like the jurisdiction of the Supreme Court concerning a civil appeal from the district court. See Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 1986): On timely filing of the notice of appeal and timely deposit of the docket fee for the Supreme Court,

> an appeal shall be deemed perfected and the Supreme Court shall have jurisdiction of the cause when such notice of appeal shall have been filed and such docket fee deposited in the office of the clerk of the district court . . . and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional.

An appeal to the Supreme Court is deemed perfected when notice of appeal has been timely filed and the docket fee timely deposited. See *State v. Price*, 198 Neb. 229, 252 N.W.2d 165 (1977). See, also, *Fick v. Herman*, 161 Neb. 110, 72 N.W.2d 598 (1955).

In the case before us, the transcript shows that the district court did not review the record made in the county court to determine whether error was committed in the county court and, after such a review, did not affirm, affirm but modify, or reverse the county court's judgment. See § 24-541.06. Instead, the district court dismissed Haug's appeal in view of an inadequate supersedeas bond, the only bond filed in the proceedings. A proper supersedeas might suspend enforcement of the county court's judgment, deferring restitution of the premises until the propriety of the judgment was affirmed on appeal. However, a supersedeas was not required for the district court's jurisdiction to review the county court's judgment, by which the premises were restored to Rorick in the action against Haug. The issue on Haug's appeal to the district court was whether Rorick was entitled to restitution of the leasehold. While the absence of a supersedeas bond or deposit, see §§ 24-541.03 and 76-1447, might otherwise permit enforcement of the writ of restitution pending Haug's appeal in the present case, the question of the right to possession of the premises remained unresolved in the district court, which had

jurisdiction to determine that question but took no action regarding the county court's judgment from which Haug appealed.

Therefore, we remand this matter to the district court for further proceedings in conformity with § 24-541.06.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.