Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/08/2026 08:13 AM CDT

WILLIAM MARTENS, APPELLEE, v. BB'S CHILDCARE,
LLC, ET AL., APPELLANTS.

___ N.W.3d ___

Filed May 8, 2026.    No. S-24-914.

1. **Jurisdiction.** Subject matter jurisdiction is a question of law. When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.
2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
3. **Pleadings: Appeal and Error.** The denial of a motion to alter or amend the judgment is generally reviewed for an abuse of discretion.
4. **Appeal and Error.** A district court by definition abuses its discretion when it makes an error of law.
5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
6. ____: ____. If the court from which a party appeals lacked jurisdiction, then the appellate court acquires no jurisdiction. But an appellate court has the power to determine whether it has jurisdiction over an appeal and to correct jurisdictional issues even if it does not have jurisdiction to reach the merits.
7. **Judgments: Jurisdiction: Collateral Attack.** A judgment entered by a court which lacks subject matter jurisdiction is void and may be attacked at any time in any proceeding.
8. **Courts: Jurisdiction: Final Orders: Appeal and Error.** While an intermediate appellate court still has jurisdiction over an appeal, it has the inherent power to vacate or modify a final judgment or order.
9. **Records: Appeal and Error.** A district court's ruling upon a request to supplement the transcript after submission of an appeal will be reviewed for an abuse of discretion.
10. **Judges: Words and Phrases.** A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly

depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

11. **Forcible Entry and Detainer: Restitution: Jurisdiction: Records: Appeal and Error.** If a supplemental transcript on appeal is necessary to establish whether a county court lacked subject matter jurisdiction to enter a judgment for restitution of premises in a forcible entry and detainer action, then a district court abuses its discretion by refusing to grant leave to file it out of time.

12. **Forcible Entry and Detainer: Title: Courts: Jurisdiction.** A court cannot determine a question of title in a forcible entry and detainer action; if the resolution of the case would require the court to determine a title dispute, it must dismiss the case for lack of jurisdiction.

13. **Forcible Entry and Detainer: Title: Jurisdiction.** Where the right to possession in a forcible entry and detainer action involves a title dispute, resort must be had not only to another tribunal, but also to a different form of action.

14. ____: ____: ____. When a party attempts to interject a title dispute into a forcible entry and detainer action, thereby transforming the proceedings into an action to determine title, the court is divested of jurisdiction.

15. ____: ____: ____. In a forcible entry and detainer action, the defendant's mere assertion that a title claim exists is not enough to deprive a court of jurisdiction. Instead, a court may proceed until the evidence discloses that the question involved is one of title.

16. **Forcible Entry and Detainer: Title: Jurisdiction: Dismissal and Nonsuit.** If the court in a forcible entry and detainer action can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn into question. But if the claimant's right of possession depends on resolving some right of the defendant, whether legal or equitable, in the property itself, the court must dismiss the forcible entry and detainer action for want of jurisdiction.

Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Judgment vacated, and cause remanded with directions.

Cathy S. Trent-Vilim and John M. Walker, of Lamson Dugan & Murray, L.L.C., for appellants.

Michael J. Decker for appellee.

Michael T. Hilgers, Attorney General, Cody S. Barnett, Lincoln J. Korell, and Katelyn J. Rich, Senior Certified Law Student, for amicus curiae State of Nebraska.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Cassel, J.

## I. INTRODUCTION

From a district court's judgment on appeal affirming a county court's judgment granting restitution of premises to an owner in a forcible entry and detainer action,[1] the tenants appeal. They assert that the district court abused its discretion in not allowing a supplemental transcript to provide the county court's judgment and that because a title dispute existed, the county court and district court lacked subject matter jurisdiction. Because we agree, we vacate, and remand with directions.

## II. BACKGROUND

### 1. Forcible Entry and Detainer Action in County Court

In the interest of brevity, we omit procedural recitations unnecessary to the ultimate resolution of this appeal.

In December 2023, William Martens (owner) sued BB's Childcare, LLC, and Tasha McNeil, in her capacity as registered agent and individually (collectively the tenants), in county court. The litigation stemmed from the tenants' purportedly failing to pay rent on a commercial property pursuant to a written lease that included options to purchase the property and provisions for application of rental payments to the purchase price. The owner sought restitution and possession of the premises, past due rent, the costs of repairs, and costs and fees.

---

[1] See Neb. Rev. Stat. §§ 25-21,219 to 25-21,235 (Reissue 2016 & Cum. Supp. 2024).

From the county court's initial transcript on appeal and its bill of exceptions, we learn that the tenants asserted that the county court lacked subject matter jurisdiction because, they claimed, a dispute of title existed. It suffices to say that they reasoned that several lease provisions established an equitable interest in the leased premises.

The county court held a trial. At this point, we summarize the evidence. However, we omit discussion of evidence not relevant to the jurisdictional issue.

In September 2020, the parties entered into three related contracts, but we focus only on a lease agreement regarding the commercial property. The lease agreement had a 5-year term, ending on October 1, 2025. It contemplated that the parties could enter into a second 5-year term, followed by a third term that would expire in June 2035.

Particularly relevant here, paragraph 2 of the lease agreement set forth an option for the tenants to purchase the property from the owner during the second and third terms. It stated that if the tenants exercised the option, they would be credited for rent payments made prior to the closing of such purchase. It further stated that "[s]hould the ownership of the premises change during the first term of this lease, [the tenants] shall have the option to purchase the premises under the same terms and conditions provided above." Finally, it stated that upon default for nonpayment of rent, the tenants' option to purchase would terminate and become void.

Three other paragraphs of the lease are relevant. Paragraph 4 stated that the tenants agreed to pay "monthly rentals payable in equal monthly installments of Three Thousand[] and 00/100 Dollars ($3,000.00) beginning January 1st, 2021." (Emphasis omitted.) It further provided that late charges would accrue if the tenants were "ten (10) days late in payment of rent due." Paragraph 15 stated, "Default for non-payment of rent shall be defined as [the tenants'] being ninety (90) days late with payment of rent." Paragraph 19 referred to that provision as the "90-day grace period."

After the court received the parties' evidence, the tenants asserted that the county court lacked subject matter jurisdiction. They cited *C., B. & Q. R. R. Co. v. Skupa*.[2] The owner eventually conceded that "jurisdiction is always at issue." The court set a briefing schedule and concluded the trial.

The tenants' brief to the county court (included in the county court's transcript) argued that the county court lacked subject matter jurisdiction, because

> [the tenants'] option to purchase, credit for all lease payments made up till the date of actual purchase, and restrictions on [the owner's] right to alienate the property without giving [the tenants] an opportunity to exercise [their] purchase option, all make [the tenants] much[] "more than a mere lessee that can be dispossessed under a forcible entry and detainer action." Under the express terms of the Lease Agreement, [the tenants] ha[ve] retained certain equities and rights, including a restriction of [the owner's] right to freely alienate the premises. These are precisely the equities retained in the type of instrument that the *Skupa*[] court would deem a purchase contract, which [c]ounty [c]ourt, as a justice court (not a court of general jurisdiction), has no jurisdiction over.

The owner argued that *Skupa* did not apply, because that case involved a contract for the sale of land and not a lease agreement with an option to purchase at some future date. He highlighted that the option "[was] not exercisable for another year" and that the lease stated if the tenants failed to make rent payments, the option could be forfeited. He argued that because the property had not been sold to the tenants, they had no ownership interest in the property. He maintained that an action for unlawful detainer was "appropriate."

From a supplemental transcript eventually filed in the district court, we can discern that the county court rejected the tenants' jurisdictional argument and entered a judgment, styled

---

[2] *C., B. & Q. R. R. Co. v. Skupa*, 16 Neb. 341, 20 N.W. 393 (1884).

as an order, in favor of the owner and against the tenants for restitution of premises. It agreed with the owner that *Skupa* was not analogous and concluded that it had subject matter jurisdiction. Without elaborating, it reasoned that the parties were bound by a valid lease agreement and that the tenants were in default for failing to pay rent according to the agreed upon terms.

## 2. Appeal to District Court

On appeal to the district court, the tenants failed to request that the county court's judgment be included as part of the transcript. The county court's transcript did include the tenants' notice of appeal, which referred to the "judgment, decree, or the final order entered on February 15, 2024." (Emphasis omitted.) Thus, the county court's record, at the time of submission to the district court, did not disclose any findings, conclusions, reasoning, or relief granted or denied. At that time, the tenants did not notify the district court of the missing judgment.

Without noticing the omission, the district court held an appeal hearing and received briefing from the parties (not in the district court's record on appeal to this court), neither of which addressed the omission of the judgment or final order.

Later, in reviewing the county court's record, the district court noticed the omission and traced it to the tenants' failure to include the judgment or final order in the praecipe for transcript. The district court concluded that for that reason, the absence of the "final order . . . d[id] not appear to be an error in the preparation or certification" of the transcript by the county court's clerk.

The district court's judgment on appeal recited a proposition of law regarding the duty of the appealing party to present a record; in its absence, the decision of the lower court will be affirmed. For that reason, the district court declined to address the merits of the appeal and "affirmed" the county court's "final order."

### 3. The Tenants' "Motion to Alter or Amend and to Correct Record"

Within 10 days of the district court's decision, the tenants—through different counsel—filed a motion to alter or amend and to correct the record. Attached to their motion was a request for supplemental transcript that they had already filed with the county court. Thereafter, the clerk of the district court filed the supplemental transcript, which included the county court's judgment.

The district court held a hearing on the motion to alter or amend and to correct the record, during which the tenants offered the supplemental transcript as an exhibit. The owner objected.

### 4. District Court Overrules the Tenants' Motion

Following the hearing, the court sustained the owner's objection to the tenants' offer of the supplemental transcript, overruled the tenants' motion to alter or amend and to correct the record, and again affirmed the county court's "final order." The court said that it "believe[d] it ha[d] the ability to correct the record in appellate case situations" but that it was "more open to doing such before the matter has been submitted for a decision."

Notably, in "affirm[ing]" the county court's disposition, the district court did not, at any point, conduct a jurisdictional review. Instead, it again relied upon the proposition that it is incumbent on the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court will be affirmed.[3]

The tenants filed a timely appeal to the Nebraska Court of Appeals. The owner moved to dismiss the appeal, but the Court of Appeals overruled his motion. We later moved

---

[3] See *Durkan v. Vaughan*, 259 Neb. 288, 609 N.W.2d 358 (2000).

the appeal to our docket.[4] The Attorney General, on behalf of the State of Nebraska, requested leave to file an amicus curiae brief supporting the owner. We granted leave and have considered the State's brief.

## III. ASSIGNMENTS OF ERROR

The tenants assign, restated, that the district court erred in (1) failing to "void" the county court's judgment, because the dispute implicates title to real property and, therefore, the county court lacked subject matter jurisdiction to resolve it; and (2) overruling their motion to correct the record with a supplemental transcript.

## IV. STANDARD OF REVIEW

[1,2] Subject matter jurisdiction is a question of law. When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.[5] An appellate court reviews questions of law independently of the lower court's conclusion.[6]

[3,4] The denial of a motion to alter or amend the judgment is generally reviewed for an abuse of discretion.[7] A district court by definition abuses its discretion when it makes an error of law.[8]

## V. ANALYSIS

We begin by setting forth basic principles of jurisdiction and appellate procedure. Then we recite court rules implementing such procedures. A description follows regarding the failures to adhere to those rules. We then have our first opportunity to address a new rule requiring the absence of a mandatory item

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

[5] *Doe v. State*, 312 Neb. 665, 980 N.W.2d 842 (2022).

[6] *Sherrets Bruno & Vogt v. Montoya*, 318 Neb. 532, 17 N.W.3d 487 (2025).

[7] *Stone Land & Livestock Co. v. HBE*, 309 Neb. 970, 962 N.W.2d 903 (2021).

[8] *Id.*

in an appellate transcript to be raised before submission of the appeal. And after addressing the application of that rule here, we conclude by determining whether the county and district courts lacked jurisdiction because of the existence of a title dispute that cannot be decided in an action for forcible entry and detainer.

## 1. Basic Jurisdictional Law and Appellate Procedure

[5,6] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[9] If the court from which a party appeals lacked jurisdiction, then the appellate court acquires no jurisdiction. But an appellate court has the power to determine whether it has jurisdiction over an appeal and to correct jurisdictional issues even if it does not have jurisdiction to reach the merits.[10]

Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine.[11] As courts of limited jurisdiction, county courts have only that jurisdiction which has been granted through specific legislative enactment.[12]

[7] Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.[13] A judgment entered by a

---

[9] *Powers v. Board of Directors of Elmwood Tower*, 320 Neb. 906, 31 N.W.3d 599 (2026).

[10] *In re Adoption of Chase T.*, 295 Neb. 390, 888 N.W.2d 507 (2016).

[11] *In re Estate of Hockemeier*, 280 Neb. 420, 786 N.W.2d 680 (2010).

[12] *In re Guardianship of Tomas J.*, 318 Neb. 503, 18 N.W.3d 87 (2025).

[13] *Perkins Cty. Bd. of Equal. v. Mid America Agri Prods.*, 317 Neb. 1, 8 N.W.3d 716 (2024).

court which lacks subject matter jurisdiction is void and may be attacked at any time in any proceeding.[14]

The method of obtaining district court review of decisions rendered by the county court is by appeal pursuant to Neb. Rev. Stat. § 25-2728 (Cum. Supp. 2024).[15] Such an appeal must be from a judgment or final order.[16] To vest appellate jurisdiction in the district court from county court, all that is required is the timely filed notice of appeal and timely deposit of the district court docket fee.[17]

Taken together, these principles imposed multiple requirements to vest the district court with jurisdiction of this appeal. The county court must have had subject matter jurisdiction of the action. The county court must have entered a judgment. The tenants must have timely filed a notice of appeal and timely deposited the district court's docket fee. Here, the outcome depends upon the county court's jurisdiction, which we address in due course.

### 2. Rules Implementing Statutory Procedures

The statutes governing appeals from county court to district court contemplate a transcript[18] and a bill of exceptions,[19] each of which is to be prepared in accordance with rules prescribed by this court.[20] In this appeal, our focus is on the rule governing a transcript on appeal from county court to district court.[21]

Several requirements must be considered together. The rule requires an appellant to request a transcript and imposes upon

---

[14] *Becher v. Becher*, 311 Neb. 1, 970 N.W.2d 472 (2022).

[15] See *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997).

[16] See § 25-2728.

[17] See *Rorick Partnership v. Haug*, 228 Neb. 364, 422 N.W.2d 365 (1988).

[18] See Neb. Rev. Stat. § 25-2731 (Cum. Supp. 2024).

[19] Neb. Rev. Stat. § 25-2732 (Reissue 2016).

[20] See §§ 25-2731(2) and 25-2732(4).

[21] See Neb. Ct. R. § 6-1452(A)(1) (rev. 2023).

the appellant a duty to designate the pleadings to be included.[22] But the rule mandates that certain items be included.[23] As pertinent here, these mandatory items include the judgment sought to be reversed, vacated, or modified[24]; the court's opinion, if any[25]; the notice of appeal[26]; the request for transcript[27]; and the request for bill of exceptions.[28] We have long understood that a district court clerk must include a mandatory item in a transcript, even if the appellant fails to request it.[29]

In 2022, we imposed upon parties an additional requirement, which is a focus of this appeal. "A party must raise the absence in the transcript of a mandatory document required by § 6-1452(A)(1)(b) prior to submission of the appeal for decision by the district court, unless the district court orders otherwise."[30] We next recite the ways in which these rules were not followed here and the attempt made to address the failures.

### 3. Motion to Alter or Amend

In several ways, the transcript rule was not followed. First, the tenants failed to list the county court's judgment in their request for transcript. Second, the county court clerk did not include the judgment in the transcript as a mandatory item. Third, the tenants failed to raise the transcript's absence prior to submission of the appeal for decision. The appeal was

---

[22] See § 6-1452(A)(1)(a).

[23] See § 6-1452(A)(1)(b).

[24] See § 6-1452(A)(1)(b)(ii).

[25] See *id.*

[26] See § 6-1452(A)(1)(b)(iii).

[27] See *id.*

[28] See *id.*

[29] See Neb. Ct. R. App. P. § 2-104(A)(2) (rev. 2022).

[30] § 6-1452(A)(1)(d).

submitted when the district court held its hearing and took the matter under advisement.[31]

After the district court entered its initial judgment on appeal, the tenants filed their motion to alter or amend the judgment. They sought leave to add the supplemental transcript containing the county court's judgment.

[8] The district court retained jurisdiction to consider the tenants' motion. While an intermediate appellate court still has jurisdiction over an appeal, it has the inherent power to vacate or modify a final judgment or order.[32] The tenants assign error to the district court's refusal to permit a late supplemental transcript.

We have not previously addressed the standard of review to be applied to a district court's ruling under § 6-1452(A)(1)(d). As noted above, a ruling upon a motion to alter or amend a judgment is generally reviewed for an abuse of discretion.

[9,10] The same standard should apply to a ruling under § 6-1452(A)(1)(d). We hold that a district court's ruling upon a request to supplement the transcript after submission of an appeal will be reviewed for an abuse of discretion. A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[33]

[11] Here, whether the district court's ruling was an abuse of discretion depends upon whether the county court lacked subject matter jurisdiction of the underlying action. This in turn depends upon whether there existed a dispute of title. If a supplemental transcript on appeal is necessary to establish whether a county court lacked subject matter jurisdiction to

---

[31] See Neb. Ct. R. § 6-105(B) (rev. 2024).

[32] *State v. Hausmann*, 277 Neb. 819, 765 N.W.2d 219 (2009), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

[33] *Scott v. Scott*, 319 Neb. 877, 25 N.W.3d 439 (2025).

enter a judgment for restitution of premises in a forcible entry and detainer action, then a district court abuses its discretion by refusing to grant leave to file it out of time.

That leads to the final step: Determining whether the dispute included a question of title sufficient to divest the county court of jurisdiction of an action for forcible entry and detainer. Here, the answer depends upon the content of the lease agreement.

### 4. County Court Lacked Subject Matter Jurisdiction

#### (a) Law on Title Disputes in Forcible Entry and Detainer Actions

In *Woodsonia Hwy 281 v. American Multi-Cinema*,[34] we recently set forth an extensive discussion of the nature of an action for forcible entry and detainer and a county court's lack of subject matter jurisdiction to determine an issue of title in such an action. We need not duplicate it here. We draw on it only for the principles controlling here.

[12,13] For well over a century, we have held that a court cannot determine a question of title in a forcible entry and detainer action; if the resolution of the case would require the court to determine a title dispute, it must dismiss the case for lack of jurisdiction.[35] Where the right to possession in a forcible entry and detainer action involves a title dispute, resort must be had not only to another tribunal, but also to a different form of action.[36]

[14,15] When a party attempts to interject a title dispute into a forcible entry and detainer action, thereby transforming the proceedings into an action to determine title, the court is divested of jurisdiction.[37] In a forcible entry and detainer

---

[34] *Woodsonia Hwy 281 v. American Multi-Cinema*, 318 Neb. 592, 17 N.W.3d 780 (2025).

[35] *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

[36] *Woodsonia Hwy 281 v. American Multi-Cinema, supra* note 34.

[37] *Id.*

action, the defendant's mere assertion that a title claim exists is not enough to deprive a court of jurisdiction. Instead, a court may proceed until the evidence discloses that the question involved is one of title.[38]

[16] If the court in a forcible entry and detainer action can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn into question. But if the claimant's right of possession depends on resolving some right of the defendant, whether legal or equitable, in the property itself, the court must dismiss the forcible entry and detainer action for want of jurisdiction.[39]

At argument, we understood the tenants to read *Woodsonia Hwy 281* so broadly that a title dispute would inhere in every action for forcible entry and detainer under a written lease. We disapprove that reading. Thus, we turn to the specific lease provisions that supported the tenants' injection of a title dispute.

(b) Evidence Disclosed Title Dispute

Little work remains. We have already recited the lease provisions providing the tenants an option to purchase, giving them credit for all lease payments made until the date of actual purchase, and imposing restrictions on the owner's right to alienate the property without giving the tenants an opportunity to exercise their purchase option.

We agree that these lease provisions arguably conferred an equitable interest in the real estate. This was sufficient to establish a dispute of title and to divest the county court of jurisdiction of the action for forcible entry and detainer. Because the county court was divested of subject matter jurisdiction, it lacked jurisdiction to enter the judgment for restitution of premises. And because the county court lacked jurisdiction of the action, the district court lacked jurisdiction of the

---

[38] *Id.*

[39] *Id.*

appeal. It necessarily follows that the district court abused its discretion in refusing leave to file the supplemental transcript and denying the motion to alter or amend the judgment.

None of this should be read to express any opinion regarding the merits of the questions of title raised by the tenants. A forum having general subject matter jurisdiction—the district court—exists to determine the issues.[40] Neither do we express any opinion regarding the nature or content of any potential action that could be pursued there.

## VI. CONCLUSION

As set forth in the analysis, we conclude the following:

- If the court from which a party appeals lacked jurisdiction, then the appellate court acquires no jurisdiction.
- A district court's ruling upon a request to supplement the transcript after submission of an appeal will be reviewed for an abuse of discretion.
- If a supplemental transcript on appeal is necessary to establish whether a county court lacked subject matter jurisdiction to enter a judgment for restitution of premises in a forcible entry and detainer action, then a district court abuses its discretion by refusing to grant leave to file it out of time.
- A court cannot determine a question of title in a forcible entry and detainer action; if the resolution of the case would require the court to determine a title dispute, it must dismiss the case for lack of jurisdiction.

We therefore vacate the district court's judgment on appeal and remand the cause to that court with directions to vacate the judgment of the county court and to remand the cause with instructions to dismiss the complaint for forcible entry and detainer for lack of subject matter jurisdiction.

Judgment vacated, and cause
remanded with directions.

Vaughn, J., not participating.

---

[40] See Neb. Rev. Stat. § 24-302 (Reissue 2016).